January Term, 1861.

JOHNSON
v.
ELDRED.

---

## JOHNSON VS. ELDRED.

An order refusing to set aside a judgment and to allow the defendant to answer, is an order affecting a substantial right, made upon summary application after judgment, and is *appealable* under subdivision 2, sec. 10, chap. 264, of the laws of 1860.

The *discretion* to allow an answer to be made, or other act to be done, after the time limited by law, spoken of in sec. 38, chap. 125, R. S. 1858, means a sound legal discretion, to be exercised so as to promote the ends of justice.

A defendant neglected to serve his answer until about a fortnight after it was due, when the plaintiff's attorney refused to receive it and entered judgment. The defendant, with due diligence, applied to the court to set aside the judgment and allow him to answer, shewing by affidavits and a sworn answer that he had a good defense to the action and had intended to make it in time, and immediately after the service of process commenced making preparations for his defense, but that owing to a multitude of pressing engagements, which shortly afterwards unavoidably called him away from home and out of the state during the time to answer, he mistook the day when the time to answer would expire. *Held*, that it was such a case of "mistake," "inadvertence" or "excusable neglect," as entitled the defendant to have the judgment set aside; and that an order of the circuit court refusing to set it aside and allow him to answer, was erroneous.

APPEAL from the Circuit Court for *Crawford* County. The case is stated in the opinion of the court.

*Levi Hubbell*, for appellant:

The court should have opened the judgment, on the appli-

cation of the defendant, under the circumstances of this case. *Kane vs. Demarest*, 13 How. Pr. R., 465. Refusal to do so was error. *Fox R. V. R. R. Co. vs. Shoyer*, 7 Wis., 365–71. An appeal is the proper remedy. General Laws of 1860, chap. 264, sec. 10, subd. 1 and 2 ; *Reid vs Hibbard*, 6 Wis., 176.

*O. B. Thomas*, for respondent :

The application of the defendant to open the judgment was addressed *entirely* to the discretion of the circuit court ; and an appeal does not lie from its decision thereon. *Fort vs. Bard*, 1 Coms., 43 ; 2 Code R., 41 ; 3 id., 141; *Sherman vs. Felt*, 3 How. Pr. R., 425 ; 4 id., 213 ; 1 Seld., 547 ; 2 Code R., 186 ; 1 Coms., 125, 533, 535; 2 id., 334, 186 ; 3 id., 334. This is not such an order as is mentioned in sec. 10, chap. 264, Laws of 1860. *Seeley vs. Chittenden*, 10 Barb., 303. 2. Even if appealable, it will not be set aside unless there was gross abuse of the discretion of the court. *State vs. Lamont*, 2 Wis., 437 ; *Hooe vs. Lockwood*, 3 Chand., 41 ; *Davis vs. Ruggles*, 2 id., 152 ; *Cook vs. Vandercook*, 5 Wis., 107 ; *Barnes vs. Merrick*, 6 Wis., 57.

*By the Court*, COLE, J. This is-an appeal from an order of the circuit court of Crawford county, refusing to set aside a judgment of foreclosure, and to permit the appellant to answer and defend the action. The summons and complaint were served by leaving copies at the residence of the appellant on the 24th of February, 1860, and a sworn answer was mailed at Milwaukee to the respondent's counsel at Prairie du Chien on the 12th of June, the day that judgment was entered up in the case for want of an answer. On the 13th the answer was tendered to the plaintiff's attorney with the request to open the judgment, but the attorney absolutely refused to set aside the default and permit the answer to be filed on any terms. An application was then made to the circuit court, at the special term held in August following, to set aside the judgment; which application was founded upon the sworn answer and affidavit of the appellant, and the affidavit of Robert Menzies ; all of which papers abundantly show—if the facts and statements set forth in them are true— that the appellant has a perfect and complete defense to the

*Margin notes:* January Term, 1861. JOHNSON v. ELDRED. April

action, and further that he intended from the outset to make this defense, and made some examination of facts preparatory to framing his answer, and actually prepared his answer as before stated, but not within the three months given by statute, owing to the fact that he had mistaken the day when the time to answer would expire. And the question is, can he be relieved from the consequences of such a mistake, and did the circuit court properly refuse to set aside the judgment on the application made?

In the first place it cannot be denied that this application to set aside the default was made at the earliest possible moment. No time was lost; no delay intervened in preparing affidavits explaining and excusing the default, and bringing the matter before the court. So it cannot be said that all due and proper diligence was not used by the appellant to repair his mistake, when he ascertained that the time to answer had expired. But it is said that this is a matter which we cannot review—that the question as to whether the judgment should be set aside and the defense let in, was one purely of practice, addressed entirely to the discretion of the circuit court, and that no appeal lies from the order of the circuit court upon that application, however erroneous it may be. We think, however, the order is appealable, within the spirit and meaning of subdivision two, section ten, chapter 264, Laws of 1860, being a final order affecting a substantial right, made upon a summary application after judgment. We assume, of course, that the answer sets up a complete defense to the action, and that the affidavits show a case of "excusable neglect," which points will be hereafter considered. That being the case, it seems almost too plain for argument, that the order refusing to set aside the judgment and to let in a good meritorious defense, was one affecting a substantial right. It may be said that a party's right to make a defense is not unlimited, but depends upon his presenting his defense to the court in a proper manner, and within the time given him by law, and that if he does not do this, he can no longer claim it as a *right*, but must ask it as a *favor*, of the court where the judgment was rendered. But suppose a party, after the default has been entered, at

the first possible opportunity comes into court, upon affida- vits and papers which fully excuse the default, and show a good defense upon the merits, and moves that the judgment be opened, and he be permitted to defend the suit; but this application is erroneously, arbitrarily and oppressively, if you please, denied; cannot the decision, under the Code, be reviewed by this court? It seems to me that it can be, and that such an order affects a substantial right, within the spirit and letter of that enactment. We have been referred to one or two decisions in New York, where it is still held that such an order is not appealable, but we are not disposed to follow them. Our statute provides that the court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by law, and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment or order, or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect. Chap. 125, sec. 38, R. S. By the discretion spoken of here, is undoubtedly meant a sound, legal discretion—such action in the premises as will promote the ends of justice and protect the rights and interests of parties. An application to set aside a judgment should be granted or refused, as the ends of justice seem to require. It evidently should not be granted unless the party shows that he has a good defense on the merits, and that the omission to plead or answer in due time was the result of accident or mistake, without any culpable negligence on his part. But when a party brings himself within this rule, the application should be granted; and an order refusing it, we think, affects a substantial right and is appealable.

But upon this question, as to whether the answer in the present case, supported as it is in one very important particular by the affidavit of Menzies, sets up a good legal defense or not, there is no room for doubt. For it is very apparent that if the notes and mortgage, upon which the judgment of foreclosure was entered, were never delivered by the appellant, and if the respondent wrongfully obtained possession of them from Clark, in whose hands they had been placed to

be held as an *escrow* until the title of the mortgaged premises was made clear and perfect by the respondent—a condition which it is alleged has not been performed—then the entire foundation for the action falls. The mortgage not having been delivered, the respondent can claim no rights under it. Neither can he have greater rights under it if he has wrongfully obtained possession of the mortgage from Clarke. He certainly ought not to bring an action and recover the amount secured by it, for the plain and obvious reason that the mortgage was not to take effect until a certain condition was performed, namely, the title made clear and perfect by the mortgagee, which it is distinctly alleged has not been done. We therefore think the answer sets up a good defense to the action.

It is insisted that the appellant's affidavit shows no valid or sufficient excuse for not preparing and serving an answer within time. Upon this point the appellant states, in substance, that when the complaint and summons were served, it became necessary for him to make examinations and inquiries at Prairie du Chien and other places, to ascertain the facts preparatory to his defense ; that he set about the same immediately, but that soon afterwards he was compelled to go to Detroit and other places in Michigan upon important business, and to be absent from home several weeks ; that after his return from Michigan he was obliged by pressing business to go to Chicago and to remain there several weeks ; that he was engaged extensively in the manufacture of lumber in Wisconsin and Michigan, and in the sale thereof at Chicago, and was unavoidably occupied in the management of said business during the period to answer ; that he constantly intended to prepare his answer in the action, and to have the same served in the time limited therefor by the statute ;. but that owing to his absence from the state, and his arrangements aforesaid, *he mistook* the day when the said time was to expire.

It appears to us that this shows such a case of " mistake," "inadvertence" or " excusable neglect" on the part of the appellant, as to the time in which he could prepare and serve his answer, as should have entitled him to have the judg-

ment set aside, and make his defense. He states that in con-
sequence of the multitude and pressing character of his
engagements, unavoidably calling him from home, and with-
out the state, he mistook the precise time which he had to
answer. This seems to us very natural and very probable.
That he intended making his defense is obvious from the
fact that he caused his answer to be drawn up and served on
the 13th of June, about a fortnight after the period fixed by
statute to answer had expired. And the mistake as to the
time was not so great but that any man, the most vigilant
and prudent, might have made it *under like circumstances.*
And to say that for such a trifling error as to time, in a case
where *personal service* of the complaint and summons was
not had, a party can have no relief upon any terms whatev-
er, but must lose the benefit of a good and meritorious de-
fense, appears to us to establish an unnecessarily strict rule
of practice.

We think the circuit court, upon the answer and affidavits
presented, should have taken off the default, upon such terms
as it might consider just and equitable. We shall therefore
reverse the order refusing to open the judgment and permit
the appellant to come in with his answer, and send the case
back to the circuit court, with directions to set aside the de-
fault upon such terms as to that court may seem just and
equitable.

Order reversed, and cause remanded for further proceed-
ings in accordance with this opinion.

The defendant having also appealed from the *judgment*
of the circuit court in this cause, Justice COLE delivered
the opinion of the court, as follows:

*By the Court,* COLE, J. This is an appeal from a final April 10.
judgment in a foreclosure suit, entered on the 12th of June,
1860, for want of an answer. In a case just decided between
these parties, which was an appeal from an order refusing to
set aside this judgment and permit the appellant to come in
and defend the action, we held that the judgment should
have been set aside. Still, that was an order after judgment,
and was an independent appeal. In this case we can dis-

cover no error upon the record, and the judgment of the circuit court must be affirmed, subject, however, to the power of that court to set the same aside, according to the directions in the former appeal, and expressly saving to the appellant all his rights upon reversing that order.

Judgment affirmed.