GONRING, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 16 — November 5, 1890.*

*Continuance: Discretion: Change of venue.*

An application for a continuance because of the absence of a material witness, to procure whose attendance due diligence had been used, is *held* to have been improperly denied. Under the circumstances of this case the fact that a continuance would have worked a removal of the cause to another county should have had no weight.

APPEAL from the Circuit Court for *Washington* County.
The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought to recover damages for injuries received on the 5th of April, 1888, while the plaintiff was a passenger upon one of the passenger trains of the defend-

ant.   The injury was caused by the derailment of the car in which the plaintiff was riding at the time.

The plaintiff was on the train going from the city of Milwaukee to Bridgewater in the then territory of Dakota, and while being so transported as a passenger the train was thrown from the track while crossing a small river near the town of New Hampton in Iowa, and the plaintiff among others was injured.   The cause of the derailment of the train was a sudden rise of the water in said river, and the breaking up of the ice in the same, and probably by a large piece of ice having been pushed upon the track of the road by the rising water.   The accident happened in the nighttime, and while there was a dense fog along the track at the place of the accident and for some distance along the track before reaching the place where the engine collided with the ice and left the track.   The complaint charges that the railway company was negligent in not constructing its track at the place of the accident with sufficient openings for water-way and floating ice, and for other defects in the track, and also was negligent in running the train at a high rate of speed at the time the accident occurred.   The answer admits the fact of the derailment of the train, and denies all negligence either in the construction of the track at the place of the accident or in keeping the same in repair, as well as all negligence in running the train.

The action was commenced in the circuit court for Washington county.   In due time the defendant filed an affidavit of the prejudice of the circuit judge, and also another affidavit alleging prejudice of the people of Washington county against the defendant, stating the cause of such alleged prejudice, and asked to have the case removed to some other county where such prejudice did not exist.   The learned circuit judge declined to remove the cause to another county, and, under the provisions of ch. 435, Laws of

Gonring vs. The Chicago, Milwaukee & St. Paul R. Co.

1887, called upon Judge Winslow to try the case in Washington county. Judge Winslow responded to the call, and appeared and held court in Washington county to try the case. Before the case was called for trial, on the day fixed for the trial, defendant filed an affidavit for a continuance, alleging as a ground for such continuance the absence of a material witness, and stating the reasons for his not being present. This motion was overruled, and the defendant duly excepted. Upon denying this motion for a continuance, the judge said, among other things, "that he would not continue the case, because it would work a removal of said cause from the county of Washington."

After the refusal to continue the cause, the case was tried and the jury returned a verdict in favor of the plaintiff for the sum of $6,135 damages. A motion for a new trial was made by the defendant and overruled, and judgment rendered in favor of the plaintiff, from which the defendant appeals to this court.

*John T. Fish*, for the appellant.

*P. O'Meara* and *S. S. Barney*, for the respondent.

TAYLOR, J. Several grounds for the reversal of the judgment are insisted upon by the learned counsel for the appellant. Among others, it is insisted that the court erred in not removing the case from Washington county on the application of the defendant, and also in not granting a continuance of the case on the application of the defendant, on the ground that a material witness in its behalf was not present at the trial, and whose attendance could not, with due diligence, be obtained in time for the trial. As we have concluded that the judgment must be reversed for the error of the court in not continuing the cause on the application of the defendant, we do not feel called upon to discuss the questions raised by the learned counsel upon the subject of the assessment of damages in the case, further

than to state that we think the learned circuit judge, in his instructions to the jury, properly instructed them as to what damages should be assessed in favor of the plaintiff in case they came to the conclusion that he was entitled to a verdict. He carefully instructed them that they should not assess any damages against the defendant for any injury or suffering which the plaintiff might have sustained or suffered by reason of his own neglect in not taking proper care of his injured limb after the accident occurred. We do not think the evidence in the case, admitting that it shows improper conduct on the part of the plaintiff in the care of his limb after the accident, makes such a case of contributory negligence after the accident as would bar his right to recover for all damages naturally resulting from the injury caused by reason of the carelessness of the defendant. It presents a case on the theory of carelessness on the part of the plaintiff after the injury which may have aggravated such injury, in which the jury under proper instructions could assess the damages which would be the natural result of the original injury separately from such damage as may have resulted from the subsequent carelessness of the plaintiff.

We think the application for a continuance should have been granted. The affidavit upon which the motion was made, it seems to us, shows reasonable diligence in trying to procure the attendance of the witness at the trial, and that his absence was owing to a fact which did not come to the knowledge of the officer having charge of the case, and whose business it was to see that the proper witnesses were in attendance, until it was too late to procure his attendance. That this witness was a material witness for the defendant cannot well be controverted. He was an experienced engineer and had recently, and for the purpose of preparing to testify in the case, made careful and accurate measurements and surveys of the place where the accident

Gonring vs. The Chicago, Milwaukee & St. Paul R. Co.

occurred, for the express purpose of laying before the jury the exact facts in regard to the stream, the railroad track, the bridge and the approaches thereto, when the accident occurred, so that the question as to the sufficiency of the track, the bridge and its approaches, and the openings through the same, might be shown to the jury, and the question of the sufficiency or insufficiency of the bridge and its openings might be fairly considered by the jury.

In examining the instructions of the learned circuit judge to the jury, it will be seen that the question of the negligence of the defendant, which was mainly relied upon by the plaintiff in making out his case, consisted in not having left sufficient openings in the bridge and its approaches to permit the ice and water to pass through in times of high water, especially in the early part of the year, when the ice in the stream was breaking up. It is true that it was also claimed that the defendant's servants were negligent in running the train at the time of the accident at too great a speed under all the circumstances, but both grounds were relied upon, and we cannot say whether the jury based their verdict upon one or both of said charges of negligence, and, if they based it upon one, upon which it was based.

We do not forget that the trial court may, in its discretion, refuse to grant a continuance of the cause, even when the affidavit upon which the motion is based is in conformity to the rule (see *Lavery v. Crooke*, 52 Wis. 612, 614), whenever the court is satisfied that there is great doubt whether the alleged absent witness will testify as it is alleged he is expected to, or where there is reason to believe that due diligence was not in fact exercised in attempting to procure the attendance of such witness. But in this case it does not seem to us that even the learned circuit judge doubted the sufficiency of the affidavit in these respects or that it was made in good faith, as the record discloses that he gave as one of the reasons for not granting the motion

that its effect would be to remove the trial of the case from Washington county.   It seems to us that under the circumstances surrounding this case the fact that the case would be removed from the county of Washington, if the continuance had been granted, should have had no weight with the learned judge in determining the question upon the motion for a continuance.

While we are not prepared to say that the learned circuit judge erred in not removing this case to another county on the application of the defendant, on the ground of the prejudice of the judge and of the people of said county of Washington against the defendant, instead of calling upon another judge to try the case in said county under the provisions of ch. 435, Laws of 1887, we are constrained to say that we think the learned judge would have been fully justified in sending the case to some other county for trial, instead of calling upon another judge to try the same in Washington county.   While we do not make it a ground for a reversal of the judgment in this case, we are also strongly impressed that, in consideration of the conflicting and unsatisfactory evidence as to the real nature of the injuries received by the plaintiff at the time of the accident, the damages awarded by the jury are quite large.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.