Purcell vs. Kleaver.

---

PURCELL, Respondent, vs. KLEAVER, Appellant.

*November 20 — December 10, 1897.*

*Appealable order: Vacating judgment: Equity.*

1. An order refusing to vacate a judgment on cognovit is an order affecting a substantial right made upon a summary application after judgment, and is therefore appealable under subd. 2, sec. 1, ch. 212, Laws of 1895, even though the judgment was for less than $100 and for that reason not appealable.

2. Equity will not interfere to set aside a judgment which is merely void or voidable but not unjust, but will leave the defendant to his remedy at law.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an appeal from an order which refused to set aside a judgment for $96.13 and costs, entered on a note and warrant of attorney, and an execution issued thereon. The judgment was entered upon a warrant of attorney which reads as follows: "And, to secure the payment of said amount, I hereby authorize, irrevocably, any attorney of said court of record to appear for me in such court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, whether due or not, together with costs, and to waive and release all errors which may intervene in any such proceedings, and to consent to immediate execution upon such judgment; hereby ratifying and confirming all that my said attorney may do by virtue hereof." The answer was signed by one who, though admitted to practice in this court, had not yet been formally admitted to practice in the circuit court. It is also alleged that the complaint is defectively verified. Nothing is alleged against the validity of the debt or the justness of the judgment. The execution was completely satisfied from the defendant's goods.

For the appellant there were briefs by *Haskell & Getts* and *C. E. Buell,* and oral argument by *Mr. Buell.*

For the respondent there was a brief by *Bashford, Aylward & Spensley,* and oral argument by *R. M. Bashford.*

NEWMAN, J. The order is, no doubt, appealable under Laws of 1895, ch. 212, sec. 1, subd. 2. It is an order affecting a substantial right, made upon a summary application after judgment. This was so held in *Johnson v. Eldred,* 13 Wis. 482, under a statute in the same words, and has been uniformly followed since. That the judgment was for less than $100, and so not appealable, does not affect the rule. *Lewis v. C. & N. W. R. Co.* 97 Wis. 368.

On the merits: Equity little heeds the complaint of one

impeded by a judgment which is merely void but not unjust, but leaves him to struggle with his embarrassment as best he may, at law. *Thomas v. West*, 59 Wis. 103, and cases cited; *Wilkinson v. Rewey*, 59 Wis. 554. With consistent indifference, it disregards the clamors of one troubled by a judgment which is only voidable but not unjust. *F. Mayer B. & S. Co. v. Falk*, 89 Wis. 216, and cases cited. *Kleaver's* debt is paid. *Purcell* has his money. It is his of right. Equity will not interfere to undo this just consummation.

*By the Court.*— The order of the circuit court is affirmed.