IN RE WILL OF HEALY: O'SHEA and another, Appellants, vs. O'SHEA, Respondent.

*December 14, 1900 — January 8, 1901.*

*Wills: Contest: Costs on appeal.*

In a will contest, if the contestant has acted in good faith and the questions of law or fact are worthy of consideration, costs taxed against him in the supreme court should be paid out of the estate.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of *Kellogg & Carbys.*

*E. M. McVicker,* for the respondent.

In re Will of Healy: O'Shea and another vs. O'Shea.

WINSLOW, J.  This is a will contest.  Ann Healy, an old woman, made her will, in which she practically disinherited three of her children and gave her property, consisting of real estate worth about $4,000, to the other two.  All the children were adults, and the three who were disinherited had lived away from home for many years.  The objections made to the will were that the testatrix was not of sound mind and that the will was the result of undue influence. The county court of Milwaukee county sustained the objections of the contestants, and refused to probate the will. Upon appeal to the circuit court, a new trial was had and the judgment of the county court reversed, and the will was adjudged to be the last will and testament of the deceased. It is now claimed that the findings of the circuit court are not supported by the evidence.

We have examined the evidence, and find it entirely sufficient to sustain the findings and judgment of the circuit court.  As the questions involved are purely questions of fact, it seems needless to rehearse the evidence.

The circuit court awarded costs against the contestants, and we cannot say that there was any abuse of discretion in so doing.  As to statutory costs in this court, the rule is that "if the contestant has acted in good faith, and the questions of law or fact are worthy of consideration, costs taxed against him should be paid out of the estate." *In re Donges's Estate*, 103 Wis. 497–514.  The appeal here seems to have been taken in good faith, and we are unable to say that the questions of fact were not worthy of consideration.

*By the Court.*— Judgment affirmed, with costs to be taxed and paid out of the estate.

BARDEEN, J., took no part.