McMahon, Appellant, vs. Snyder, Administrator, and others, Respondents.

*March 23—April 17, 1903.*

*Appeal from judgment: Review of orders: Exceptions: Discretion: Continuance: Terms: Attorneys: Substitution: Allowance of counsel fees from estate of decedent.*

1. An order granting a continuance over the term on condition of payment of a gross sum in lieu of costs, is not reviewable on an appeal from the judgment unless exception to the order was filed as prescribed by sec. 2872, Stats. 1898.

2. Such an order, being discretionary, will not be disturbed on appeal unless an abuse of discretion is shown.

3. Under Circuit Court Rule V, sec. 2, the circuit court was not required to consider an application for change of venue made by an attorney who was not the attorney of record, where consent to his substitution in place of the attorneys of record had been signed by the latter but not by the party herself.

4. An order denying a motion to set aside and vacate a judgment is not reviewable on an appeal from the judgment.

5. Upon an appeal to the circuit court from a judgment of the county court making final distribution of the estate of a decedent, the allowance of counsel fees beyond the taxable costs is unauthorized and erroneous.

APPEAL from a judgment of the circuit court for Waukesha county: James J. Dick, Circuit Judge. *Reversed.*

On February 6, 1902, judgment was entered in the county court in the matter of the estate of Margaret McMahon, deceased, making a final distribution thereof. On April 4, 1902, the appellant, *Catherine McMahon,* appealed from that judgment to the circuit court. On April 29, 1902, the appellant gave notice of the taking of the depositions of two of the respondents in Boston, May 6, 1902, before an officer named, but who was unable to take the same by reason of sickness on the day so fixed. Thereupon the appellant gave a second notice of the taking of such depositions, but the two witnesses, though subpœnaed, failed to appear before the officer May 14, 1902. On May 29, 1902, the appellant moved the court upon

affidavits for a continuance of the cause over the term. On June 12, 1902, the circuit court granted the continuance upon condition that the appellant on or before July 7, 1902, pay to the attorneys for the administrator, *M. L. Snyder,* $25, to the attorneys for the administrator *de bonis non* of the estate of Mary Gear, one of the heirs, $25, and to the attorneys for *Felix Wakely* and other respondents, $25, in lieu of taxed costs and expenses as a gross amount. On June 17, 1902, the attorneys of record for the appellant signed a written consent that Thomas H. Ryan be substituted in their place and stead. On July 7, 1902, Thomas H. Ryan appeared in court, and filed such written consent of substitution, and thereupon immediately filed an affidavit of prejudice, sworn to by the appellant June 30, 1902, and moved that the venue be changed. At the opening of the court on the next day—July 8, 1902— the circuit court "announced that it would not consider the application made for change of venue on July 7, 1902, for the reason that the same was not regular," and thereupon called the cause for trial, all the attorneys for the respective parties being present; and it was thereupon ordered that the appeal be dismissed, and the judgment of the county court be affirmed, and thereupon, and on July 8, 1902, judgment was entered, wherein it was ordered and adjudged, in effect, that the appeal from the county court be and was in all things dismissed, and the judgment of the county court was in all things affirmed, with costs against the appellant, *Catherine McMahon,* as thereinafter adjudged and allowed.; and it was ordered and adjudged that *Snyder* be, and he was thereby, allowed, in addition to the amount allowed him by the county court, the sum of $100 as payment for his extraordinary services in the circuit court upon the appeal. There was also thereby allowed to the attorneys for the administrator $100 as compensation for their services in the circuit court upon the appeal, and to the attorney for *Felix Wakely* and others $100 as compensation for his services in the circuit court upon

the appeal; and to the attorneys for *Luke Brennan* and others $100 as compensation for their services in the circuit court upon the appeal; and to the attorneys for the administrator *de bonis non* $100 for their services in the circuit court upon , the appeal. Said several sums were thereby adjudged to be just, reasonable, and proper for the services rendered, and the same were thereby allowed in lieu of taxed costs and disburse- ments, the same to be paid by the appellant, *Catherine Mc-, Mahon,* together with the clerk's fees in the action; and it was ordered and adjudged that the same be so paid from and out of any moneys belonging to the said *Catherine McMahon* now in the hands of the administrator, and that the administrator may so pay the same from the moneys in his hands, and take and file receipts therefor. On November 17, 1902, the said *Catherine McMahon* appealed from that judgment to this court.

For the appellant the cause was submitted on the brief of *Thomas H. Ryan,* attorney, and *John Bottensek,* of counsel.

For the respondents there was a brief by *Tullar & Lockney,* attorneys for the respondent *Snyder,* administrator; a sep- arate brief by *Frame & Blackstone,* attorneys for the admin- istrator *de bonis non* of the estate of Mary Gear; and oral argument by *D. S. Tullar* and *T. E. Ryan.*

CASSODAY, C. J. Error is assigned because the court, on June 12, 1902, granted the appellant's motion to continue the cause over the term on condition that she pay $25 to each of the three parties mentioned in the order of that date in lieu of taxed costs and expenses as a gross sum. There is no ex- ception to the order. It is not one of those intermediate orders which the statute prescribes may be reviewed without excep- tion. Sec. 3070, Stats. 1898. It was not properly a part of the judgment roll. If a review of the order was desirable, exception thereto should have been filed, as prescribed by the statute. Sec. 2872, Id. Besides, the order was discretionary,

and there is not enough in the record to show an abuse of such discretion. *Hayes v. Frey,* 54 Wis. 503, 11 N. W. 695; *Lavery v. Crooke,* 52 Wis. 612, 9 N. W. 599; *Gonring v. C., M. & St. P. R. Co.* 78 Wis. 20, 47 N. W. 18.

2. Error is assigned because the circuit court declined to consider the application made July 7, 1902, by Thomas H. Ryan for a change of venue on the ground of the prejudice of the trial judge, as mentioned in the foregoing statement. The reason for refusing to consider the application was that it was not regularly made. Thomas H. Ryan was not at the time an attorney of record in the case. He had procured the written consent of the attorneys of record that he might be substituted in their place and stead; but he had not procured the written consent of the appellant, *Catherine McMahon.* The statute provides that:

"Every person of full age and sound mind may appear by attorney in every action or proceeding by or against him in any court except criminal actions, or may, at his election, prosecute or defend the same in person; but no person shall be permitted to appear on record in a civil action or proceeding in person while he has an attorney." Sec. 2585, Stats. 1898.

The rule of the circuit court provides that:

"No order for the substitution of an attorney for a party shall be granted unless upon consent in writing signed by such party and his attorney; or for cause shown on due notice to the court or presiding judge, upon such terms as shall be just." Circuit Court Rule V, sec. 2.

The rule is made in pursuance of the statute, and contemplates consent in writing, signed by the party and his or her attorney of record, before any substitution is permissible. Such concurrence of attorney and client in the matter of substitution is to prevent obtrusion and secure the orderly administration of justice. It follows that the circuit court was not required to consider and determine upon the merits the application for change of venue so made.

3. On the next day after the entry of judgment Thomas H. Ryan obtained the written consent of the appellant that he be substituted as her attorney in place of the attorneys of record. Thereupon, and on the same day, upon such written consent of the attorneys of record and *Catherine McMahon,* and upon motion of Thomas H. Ryan, the circuit court ordered that he be, and he was thereby, substituted as attorney of record in the place and stead of the prior attorneys of record. Thereupon, and on the same day, July 9, 1902, Thomas H. Ryan moved the circuit court upon all the pleadings and papers on file in this action, the minutes of the court, and the affidavit of prejudice filed therein, to set aside and vacate the judgment entered July 8, 1902, which motion was denied by the court August 26, 1902, to which the appellant took exceptions. But there is no appeal from that order, and, as it was made after judgment, it is not reviewable on the appeal from the judgment. Subd. 2, sec. 3069, Stats. 1898; sec. 3070, Id.; *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322; *Levy v. Goldberg,* 40 Wis. 308.

4. The judgment first ordered and adjudged that the appeal from the judgment of the county court be and is "in all things dismissed," and then that such judgment of the county court be and is "in all things affirmed, with costs against said appellant, *Catherine McMahon,*" as thereinafter "adjudged and allowed." Error is assigned because the court awarded out of the appellant's share of the estate $100 to the attorneys of each of the five parties named in the foregoing statement, making in the aggregate $500, together with the clerk's fees. In view of the statutes and the recent decisions of this court, it is very manifest that such allowances were unauthorized. Subd. 7, sec. 2918, Stats. 1898; sec. 2932, Id.; *Mulberger v. Beurhaus,* 102 Wis. 1, 78 N. W. 402; *In re Donges' Estate,* 103 Wis. 497, 513–518, 79 N. W. 786; *Patton v. Ludington,* 103 Wis. 629, 651, 79 N. W. 1073; *Fox v. Martin,* 108 Wis. 99, 100, 84 N. W. 23; *In re Will of Healy,* 108 Wis. 632, 84

N. W. 835; *Speiser v. Merchants' Exch. Bank,* 110 Wis. 506, 512, 519–520, 86 N. W. 243. As stated in one of the cases cited, the conclusion in general terms is that "the allowance of counsel fees over and above statutory costs is without authority of law." As stated by my Brother DODGE in the last case cited:

"While the statutory restrictions . . . are, perhaps, not universally applicable, one of the principles announced should be constantly in mind, namely, that property should not be taken from its owner to pay the expenses of his adversary in litigation, directly or indirectly. The fact that such property is in the custody of the court is no justification." 110 Wis. 512, 86 N. W. 245.

And, again:

"In no case, save as costs are taxable by statute, should a fund belonging to one litigant be depleted to pay the expenses of his antagonist, either directly or indirectly, in the form of allowance to a receiver or other trustee." 110 Wis. 520, 86 N. W. 248.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to affirm the judgment of the county court and for further proceedings according to law.