WEISS, by his next friend, Respondent, vs. CHICAGO & MILWAUKEE ELECTRIC RAILWAY COMPANY, Appellant.

*November 11—December 5, 1922.*

*New trial: Discretion of court: Newly-discovered evidence: Cumulative evidence.*

1. Granting or refusing a new trial upon the ground of newly-discovered evidence is a matter largely in the discretion of the trial court.
2. In an action to recover for personal injury, it was not an abuse of discretion for the court to refuse a new trial on the ground of newly-discovered evidence where such evidence consisted of the testimony of one who was a passenger on defendant's street car at the time it struck an automobile in which plaintiff was riding, to the effect that the street car was proceeding slowly, that the street was free from obstructions, and that the automobile collided with the car, as, other witnesses having testified to substantially the same facts, the evidence was cumulative.

APPEAL from a judgment of the circuit court for Milwaukee county: L. W. HALSEY, Circuit Judge. *Affirmed.*

Personal injury.   On the 31st day of July, 1918, at 8 o'clock in the forenoon, the plaintiff was riding in an automobile with his father in a westerly direction on Virginia street in Milwaukee, which runs east and west and intersects First avenue, running north and south, at right angles. The father proposed to turn north onto First avenue.   It is claimed by the plaintiff that there was on the easterly side of First avenue, north of the line of intersection of Virginia street, piles of gravel, teams, and wagons from which gravel was being unloaded; that in order to avoid these obstructions the driver was compelled to turn to the left or westerly side of First avenue as he proceeded north; that the driver observed the car of the defendant company approaching him from the north, but that by reason of the unlawful speed and the failure of the motorman to keep a proper lookout the automobile in which plaintiff was riding collided with the car of the defendant and the plaintiff sustained the injuries complained of.

The cause was tried originally in the civil court of Milwaukee county, resulting in a verdict in favor of the plaintiff for $1,500 damages.   By order of the civil court the award was reduced to $750, for which amount and costs the plaintiff had judgment.   From that judgment the defendant appealed to the circuit court for Milwaukee county, and from the judgment of that court affirming the judgment of the civil court this appeal is taken.

For the appellant there was a brief signed by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *Mr. J. H. McQuaid* of Milwaukee and *Mr. Wood.*

*Joseph A. Padway* of Milwaukee, for the respondent.

ROSENBERRY, J.   The jury found that the motorman failed to exercise ordinary care in the manner in which

he operated the defendant's car and that the car was traveling at the time at the rate of eighteen to twenty miles per hour. The defendant moved to change the answer to the first question and that the court find that the speed of the car did not exceed seven to eight miles per hour and for judgment upon the verdict as amended, the principal contention of the defendant being that no negligence on the part of the defendant was shown. There is a strong conflict in the evidence. The testimony of the plaintiff's father is far from satisfactory, but that is not all of the testimony in the case, and we are not able to say that there is not sufficient credible evidence to support the verdict.

After judgment there was a motion for new trial on the ground of newly-discovered evidence. It appears that subsequent to the trial of this case in civil court the case of the father, Louis Weiss, for damages sustained by him in the same collision was tried in the circuit court and in that court the defendant was successful. Upon that trial one Louis Froemming was produced and testified that he was a passenger on the street car in question with which the automobile collided; that he rang the bell as a signal for the car to stop at Virginia street, where he proposed to alight to go to his place of employment; that after ringing the bell the car slackened its speed; that at the time of the collision it was going at a slow rate of speed; that he saw the automobile go around the corner; that the street east of the south-bound track to the east rail of the north-bound track was entirely free from obstructions and that he saw the automobile collide with the east side of the street car.

In denying the motion for a new trial the trial court said:

"The only testimony that would be available in this case would be as to the speed of the car when he got up to leave the car preparatory to alighting at Virginia street, which the court is of the opinion is merely cumulative, as these facts were testified to by several of the witnesses on behalf of the defendant on the first trial. The testimony of the

witness as to his observation of the conduct of the driver of the automobile would be entirely irrelevant and of no force or effect, as the question of his negligence is now eliminated from the case."

The court was no doubt in error in making the statement that the evidence of the witness as to what happened subsequent to the time that he arose to leave the car would be irrelevant upon the question of defendant's negligence. This error grew out of the fact that the testimony was more relevant on the issue of contributory negligence, but it was also material and relevant upon the issue of the defendant company's negligence. It was cumulative, however, other witnesses having testified to substantially the same facts.

Granting or refusing a motion for new trial upon the ground of newly-discovered evidence is a matter largely in the discretion of the trial court, and we cannot say that there was an abuse of discretion.

*By the Court.*—Judgment affirmed.