SUBACZ, Respondent, vs. SUBACZ, Appellant.

*March 11—April 8, 1924.*

*Divorce: Judgment on default: Refusal to vacate: Discretion of court: Appeal: Order refusing to vacate a judgment: Time within which appeal must be taken: When defendant is imprisoned.*

1. An order refusing to vacate a judgment of divorce entered upon default and refusing to allow the defendant to plead is appealable as a final order affecting a substantial right, but cannot be reviewed on an appeal from the judgment. p. 430.
2. Where a judgment for the wife in a divorce action was not entered until three months after commencement of the action, and it does not appear that the husband, though personally served and conversant with the nature of the action and the necessity of hiring counsel and interposing a defense, during the pendency of the action made any effort to hire counsel or to defend the action, or that he was prevented from so doing except that he was confined for a time in prison, and

where the defense made in the husband's affidavits and answer in support of a motion to vacate was in the nature of a general denial containing no explanation of the charges of cruelty proven on the trial, and no substantial showing was made upon the merits, the refusal of the court to vacate the judgment is not an abuse of discretion.    p. 434.

3. The provisions of sec. 3042, Stats., limiting the time within which an appeal may be taken directly from an order to thirty days after·service of notice of entry, not having been complied with, sec. 3039 governs, and the time for appeal began to run upon the release of the defendant from imprisonment. p. 430.

4. Notwithstanding the provisions of the statute relating to the appointment of a divorce counsel, a default judgment of divorce does not stand on the same plane as a judgment in an ordinary civil action; and the rule still obtains, in a somewhat modified degree, that such a judgment may be vacated on a slight showing.    p. 434.

APPEAL from a judgment of divorce entered by the circuit court for Kenosha county on April 29, 1922 (CHESTER A. FOWLER, Judge, presiding), and from an order dated December 21, 1922, amending said judgment (E. B. BELDEN, Judge), and from an order denying defendant's motion to set aside the judgment and to allow him to answer and defend, dated December 21, 1922 (E. B. BELDEN, Judge). *Judgment and orders affirmed.*

*L. C. Gunderson* of Madison, for the appellant.

For the respondent the cause was submitted on the brief of *Taylor & Ruetz* of Kenosha.

DOERFLER, J.    The action is one for divorce, and the complaint alleges cruel and inhuman treatment.    The summons and complaint, together with an order to show cause for temporary alimony, were served upon the defendant personally on January 5, 1922.    Upon the hearing of the order to show cause·the court awarded temporary alimony.    An affidavit of default having been duly made and filed and the cause having duly come on for trial before the court, the court on the 18th day of April, 1922, signed· findings of

fact, in which, among other things, it found that a prior action for divorce between the same parties was commenced in the municipal court of Kenosha county on September 29, 1921, and that upon the trial of such action such municipal court denied plaintiff's application for a divorce, and that thereupon judgment dismissing the complaint was entered on the 28th day of December, 1921.

The court in the present action found, among other things, as follows:

"That since the dismissal of said action for divorce the defendant has used of and towards the plaintiff vile and abusive language, and has brutally assaulted the plaintiff, and has been convicted and is now confined in the house of correction of Milwaukee county, on a charge of transporting and selling, etc., intoxicating liquors; that the said ill treatment of the plaintiff by the defendant has caused the plaintiff much anxiety and worry, even to the extent of undermining her health, and that it would be dangerous and unsafe for plaintiff to live with defendant as his wife."

The court also found that the estate of the parties consists of an equity in a homestead of the reasonable value of $1,700, an equity in a land contract of the value of about $800, and a small amount of household furniture and effects of the value of about $200. As conclusions of law the court ordered an absolute divorce, awarded the custody of the three minor children, aged respectively ten, eight, and two years, to the plaintiff, and for the support of such children awarded alimony, and then, by way of final division of the property rights of the parties, awarded the homestead and the household effects to the plaintiff and the equity in the land contract to the defendant, but charged such equity with the payment of the alimony. Judgment was thereupon entered on the 29th day of April, 1922, in accordance with such findings.

In December, 1922, the defendant moved the court to vacate said judgment of divorce, and, in his affidavit in sup-

port of such motion, generally denied the acts of cruel and inhuman treatment charged; and alleged that at the time of the service of the summons and complaint a criminal prosecution was pending against him for a violation of the Severson Act, and that such prosecution prevented him from defending the complaint in the divorce action; that he is not conversant with the English language, and that he had no opportunity to confer with an interpreter or hire counsel, and that shortly after he was served with the summons and complaint he was convicted on a criminal charge and sentenced to imprisonment until on or about the 10th day of October, 1922, when, upon his release, he heard for the first time of the entry of the judgment.

There was also filed in support of said motion the affidavit of one Schultz, setting forth that on or about January 9, 1922, the defendant brought to him the papers in the divorce action and that the defendant requested him to accompany him to an attorney so that the cause might be defended, but that before proper arrangements could be made defendant was committed to prison on the sentence above referred to. Further, defendant's counsel served a proposed answer, in which, among other things, he denied generally the allegations of cruel and inhuman treatment.

On April 13, 1922, after the hearing of such motion to vacate the judgment, the court entered an order denying the same. Defendant's counsel in his oral argument and in his brief contends that the order refusing to vacate the judgment constitutes error, and it is the sole error assigned.

In *White v. White,* 167 Wis. 615, 168 N. W. 704, this court held that an order like the one in question is appealable under sub. (2), sec. 3069, Stats., as a final order affecting a substantial right, upon summary application after judgment, and that it cannot be reviewed on appeal from the judgment.

The provisions of sec. 3042 not having been complied with, the time for appeal is governed by sec. 3039, Stats.,

and, the defendant coming under the exceptions of said last named section, the year within which he could appeal from the order began to run upon his release from imprisonment, being on or about the 10th of October, 1922.

The order is discretionary. *Lessig v. Lessig,* 136 Wis. 403, 117 N. W. 792. The defendant at the time of the commencement of this action was not a novice in divorce actions. Plaintiff had begun a prior action for divorce in September, 1921, in which action the defendant appeared and submitted his defense, and the court denied plaintiff a divorce and dismissed her complaint. In the present action the court found that since the trial of the first divorce action the defendant has been guilty of cruel and inhuman treatment of the plaintiff; was guilty of committing a brutal assault upon the plaintiff, used vile language towards her, and was committed, upon a criminal charge for violating the Severson Act, to serve a term in prison. It was also found that the cruelty of the defendant undermined plaintiff's health, and that the defendant is not a fit or proper person to have the care and custody of the children. No transcript of the evidence on either trial is before us on any of the appeals. The defendant, although not conversant with the English language, before being committed to jail, as appears from the supporting affidavit of Schultz, was apprised of the nature of the action and realized the necessity of hiring counsel and of interposing a defense. The judgment of divorce was not entered until about three months after the commencement of the action. It does not appear from defendant's motion papers or from his answer that he had made an effort to hire counsel or to defend the action or that he was prevented from doing so, excepting only that he alleges the fact, which is undisputed, that he was confined for a time in prison. The defendant being in default, the divorce counsel appeared on the trial, represented the interests of the public and of the parties, and in writing approved both the findings and the judgment.

Defendant's counsel cites a number of cases of foreign jurisdictions holding that a default divorce judgment should be vacated upon slight showing, because, in addition to the parties, a third party is interested, viz. the state; that the state is interested in maintaining the marriage relation; that by the granting of a divorce the obligations of support of wife and children may result in a burden upon the public. A reading of the decisions relied upon, however, is persuasive that at the time the same were rendered the states in which these actions arose and were tried had made no provision similar to the statutes of this state providing for the appointment and the functions of a divorce counsel.

Sec. 2360*h*, Stats., provides for the appointment of a divorce counsel, who must be a reputable attorney of recognized ability and standing at the bar, and who is required to take an oath to support the constitution of the United States and of the state and to faithfully, fearlessly, and impartially discharge the duties of such office. Sec. 2360*h*—1 provides for the service of the pleadings in a divorce action upon such divorce counsel. It also provides that "such counsel shall appear in the action when the defendant fails to answer or withdraws his answer before trial; also when the defendant interposes a counterclaim and the plaintiff thereupon neither supports his complaint nor opposes the counterclaim by proof; and when the court is satisfied that the issues are not contested in good faith by either party." Sec. 2360*h*—2 provides that

"No decree in any action in which divorce counsel is required by section 2360*h*—1 to appear shall be granted until such counsel or the divorce counsel of the county in which the action is tried shall have appeared in open court and in behalf of the public made a fair and impartial presentation of the case to the court and fully advised the court as to the merits of the case and the rights and interests of the parties and of the public, nor until the proposed findings and judgment shall have been submitted to such divorce counsel."

Sec. 2360*h*—3 prohibits any such divorce counsel from appearing in any divorce action in which he or his partner shall be in any way interested. Sec. 2360*i* provides that

"No decree . . . for divorce shall be granted in any action in which the defendant does not appear and defend the same in good faith unless the cause is shown by affirmative proof aside from any admission to the plaintiff on the part of the defendant."

Sec. 2360 provides that no decree for divorce shall be granted if it appears to the satisfaction of the court that the suit has been brought by collusion, etc. Sec. 2360*g* provides that

"All hearings and trials to determine whether or not a decree shall be granted shall be had before the court, and not before a referee, . . . and shall in all cases be public."

These statutes recognize the interest which the state has in the marriage relation and in a divorce, and by enacting the same the legislature has exercised wise precaution to prevent an imposition on the public. It would appear, therefore, that the interests of the public in this state have been carefully guarded. The statutory provisions requiring the divorce counsel to make a fair presentation of the case to the court at the end of the trial; and a submission of the findings and judgment to such counsel, are indicative, on the part of the legislature, of an effort to procure substantial justice and to prevent a possible burden falling upon the state.

While in the complaint the defendant is charged with cruelty during the period preceding the making of the first divorce complaint, cruelty is also charged during the time between the dismissal of the first complaint and the commencement of the present action. Defendant's counsel claims that the present action is based upon the identical charges of cruelty contained in the complaint in the first action, and, the issues in such action having been determined

adversely to the plaintiff, such judgment is *res adjudicata.* An inspection of the findings, however, in the present action conclusively establishes that the court granted judgment for alleged cruelty inflicted upon the plaintiff by the defendant after the judgment in the first action.

It must be assumed that, the defendant having participated in the trial of the first action, he thereby became familiar with the necessity of hiring legal aid and defending such an action. He cannot claim ignorance of the nature of the second action, because he had been informed thereof by his interpreter. The mere fact that he suffered imprisonment would not prevent him from employing counsel or from notifying the court that he intended to defend and that he had a good defense. In his affidavits and answer in support of the motion to vacate, his defense is in the nature of a general denial; it does not specifically deny or explain any of the charges of cruelty proven on the trial. No substantial showing was made upon the merits. Under these circumstances we cannot say that the trial court abused its discretionary powers when it refused to vacate the first judgment.

The duty of representing the interests of the public vests not only in the divorce counsel but also in the court; in fact, before the passage of the statutes creating the office of divorce counsel, such entire duty vested in the court. Notwithstanding the statutes above referred to and all of the precautionary measures contained therein, a default judgment of divorce does not stand upon the same plane as a judgment in an ordinary civil action, and the rule still obtains in a somewhat modified degree that a default judgment of divorce will be vacated upon slight showing. In the present action a situation is disclosed which would make it nigh impossible for the parties hereto to live happily together. The defendant failed to benefit from his victory on the first trial. The breach in the marital relations which existed at that time evidently had not been readjusted; on the con-

Condon W. M. Co. v. Racine E. & M. Co. 183 Wis. 435.

trary, marital troubles appeared upon the horizon on the very heels of the first judgment. Under such facts and circumstances a happy marriage relation was made nigh impossible. When this situation was made to appear to the court, then, under the express terms of our divorce statutes and in accordance with the purpose and spirit of such statutes, a divorce must follow. In granting the decree the court was evidently actuated not solely from the standpoint of the welfare of the parties but also that of the minor children and of the interests of the public. Undoubtedly the judge had all these considerations in mind when he denied defendant's motion to vacate.

.While an appeal has also been taken from the judgment itself and from the order revising the judgment, there is nothing before this court upon which this judgment and the order are based excepting the findings, which fully sustain and support the judgment. By its order revising the judgment the court merely substituted, in place of the trustee appointed in the first judgment, a new trustee.

*By the Court.*—The judgment of the lower court, and the two orders appealed from, are affirmed.