Harvey, Executor, Plaintiff, vs. Harvey and others, Defendants.

*March 4—April 1, 1930.*

*Walter H. Bender* of Milwaukee, for the plaintiff.

*Bloodgood, Stebbins & Bloodgood* of Milwaukee, for the defendants.

Fritz, J.   Six of the grounds specified in defendants' motion relate to alleged errors committed during the trial and prior to the entry of judgment.   The court's rulings in those respects were reviewable on an appeal from the judgment, and afford no basis for an appeal from the order denying defendants' motion after judgment.   However, the seventh ground specified was on account of evidence discovered subsequent to the trial.

Prior to 1895 a provision in sec. 3069 (3), Stats., authorized an appeal from an order "when it grants or refuses

a new trial." The words last quoted were entirely omitted from that subsection by an amendment adopted in 1895. (Ch. 212, Laws of 1895.) However, in the Statutes of 1898, some of the omitted words were reinstated in that provision, so as to authorize an appeal "when it grants a new trial." (Now part of sec. 274.33 (3), Stats.) There was nothing in either provision as to the time or the ground of the motion, pursuant to which the court made the order in relation to a new trial. All were in but one class—in so far as the right of appeal was governed by statute,—regardless of whether the motions were based on newly-discovered evidence or on other grounds, or were made before or after judgment. Following that amendment in 1895, this court said in *Brown v. Edward P. Allis Co.* 98 Wis. 120, 126, 73 N. W. 656:

"The order refusing to grant a new trial on the ground of newly-discovered evidence was not appealable, and the appeal of the Edward P. Allis Company therefrom must be dismissed. Laws of 1895, ch. 212."

However, in another opinion filed on the same day, in *Purcell v. Kleaver,* 98 Wis. 102, 103, 73 N. W. 322, this court said in relation to an appeal from an order denying a motion to vacate a judgment and grant a new trial:

"The order is, no doubt, appealable under Laws of 1895, ch. 212, sec. 1, sub. 2. It is an order affecting a substantial right, made upon a summary application after judgment. This was so held in *Johnson v. Eldred,* 13 Wis. 482, under a statute in the same words, and has been uniformly followed since."

Sub. 2, sec. 1, ch. 212, Laws of 1895 (formerly sec. 3069 (2), Stats., now sec. 274.33 (2), Stats.), authorizes an appeal from "a final order affecting a substantial right made . . . upon a summary application in an action after judgment."

In *Port Huron Engine & T. Co. v. Rude,* 101 Wis. 324, 77 N. W. 177, this court in dismissing an appeal from an

order which granted defendant's motion after judgment to vacate the judgment, said: "Had the motion been denied, then the order would clearly have been a *final* order, as held in the case of *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322, and hence appealable."

On the other hand, this court held that an order denying a motion after judgment to vacate a judgment and for a new trial cannot, in the absence of an appeal from such order, be reviewed on an appeal from the judgment. *McMahon v. Snyder,* 117 Wis. 463, 467, 94 N. W. 351. Subsequently, in *White v. White,* 167 Wis. 615, 168 N. W. 704, this court said, in relation to a motion to dismiss an appeal from an order denying a motion after judgment to vacate the judgment:

"We are satisfied, however, . . . that the order here being reviewed is appealable under sub. 2, sec. 3069, as a final order affecting a substantial right, upon summary application after judgment. *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322. It could not be reviewed on appeal from the judgment. *McMahon v. Snyder,* 117 Wis. 463, 94 N. W. 351." (Page 624.)

The rule as thus stated in *White v. White, supra,* was approved and followed in *Subacz v. Subacz,* 183 Wis. 427, 430, 198 N. W. 372, on an appeal from an order denying a motion after judgment to vacate the judgment and grant a new trial. In addition to the foregoing precedents, in which the parties challenged the right to appeal from orders denying motions after judgment to vacate the judgments and grant new trials, orders denying such motions, based upon the ground of newly-discovered evidence, were reviewed upon the merits, without court or counsel questioning the right to appeal, in *Dibbert v. Metropolitan Inv. Co.* 160 Wis. 329, 331, 151 N. W. 802; *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 189 N. W. 465; *Weiss v. Chicago & M. E. R. Co.* 179 Wis. 103, 105, 190 N. W. 826.

In view of the practice recognized in the foregoing cases, the order denying defendants' motion after judgment, to vacate the judgment and for a new trial, is appealable under sec. 274.33 (2), Stats., and plaintiff's motion to dismiss defendants' appeal from that order must be denied.

*By the Court.*—Motion denied, with costs.

FAIRCHILD, J., took no part.