ESTATE OF KOOS: BROOKHOUSE and others, Appellants, vs. Koos, Executrix, Respondent.

*March 9—April 5, 1955.*

480

482

484

486

488

490

For the appellants there were briefs by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond* and *Willis R. Hammond*.

For the respondent there was a brief by *Staplekamp & Hartley* of Kenosha, attorneys, and *Charles F. Wratten* of Racine of counsel, and oral argument by *Judson W. Staplekamp* and *Fred D. Hartley*.

STEINLE, J. Our obligation here is to determine whether the trial court's findings are contrary to the great weight and clear preponderance of the evidence.

In the main, the appellants contend that the record indicates that Mary A. Koos has not administered her fiduciary duties toward the beneficiaries of the trust in a manner commensurate with the degree of loyalty required by law; that the sale of the shares of stock to Grace A. Koos is invalid; that Mary A. Koos must be removed or not appointed as trustee; and that some other person be appointed as trustee who shall control the sales of the shares of stock which are to be allocated to the trust.

On behalf of the respondents it is maintained that her conduct as fiduciary reflects the highest degree of honesty and faithfulness; that the standard of reasonable judgment does not apply to her; and that her contract for the sale of the shares of stock to Grace A. Koos is advantageous to the estate as a whole and to the trust to be established.

The testator's last will and testament manifests an intention on his part to confer upon his widow in her representative capacities of executrix and trustee, the broadest of powers and discretions. She is clothed with absolute rights, powers, and discretions to retain any assets of the estate, or to sell or contract for the sale of any such assets as she shall deem in the best interests of the estate. While there is to be an equal distribution in value of the estate between the widow and the trustee, nevertheless, as to allocation of specific assets, the judgment of the executrix and trustee is binding and conclusive upon all parties.

It is the rule in this state that when under a will a fiduciary is granted absolute or conclusive powers and discretions, the test of "reasonableness" or "reasonable judgment" is not applicable. A court may not exact the standard of "reasonable judgment" from such fiduciary invested with such authority. The court may interfere only with the bad faith, fraud, or mere arbitrary action of such fiduciary. These principles are well enunciated in *Estate of Teasdale* (1952), 261 Wis. 248, 256, 52 N. W. (2d) 366, where it was said:

"The appellant trustees submit that the will provided the determination of value by the trustees shall not be open to review but shall be final and conclusive, and therefore the court must observe the prohibition. In *Estate of Wells* (1914), 156 Wis. 294, 144 N. W. 174, the will made the determination of executors and trustees 'final' upon certain apportionments. We said that words could go no further in the effort to place absolute discretionary powers in the hands of his executors in this regard. And we then said (p. 306), 'In the absence of bad faith, fraud, or mere arbitrary action, . . . the executors' determination must be held conclusive. . . .' We consider that in the instant case the trial court was privileged to examine the determination of value and to set it aside if it was made in bad faith, or was a mere arbitrary action."

These principles are also in harmony with those stated on the law of this subject in Restatement. It is there declared that:

"*Interpretation of trust instrument as to extent of discretion.* The extent of the discretion conferred upon the trustee depends primarily upon the manifestation of intention of the settlor. The language of the settlor is construed strictly so as to effectuate the purposes of the trust. The mere fact that the trustee is given discretion does not authorize him to act beyond the bounds of a reasonable judgment. The settlor may, however, manifest an intention that the trustee's judgment need not be exercised reasonably, even where there is a standard by which the reasonableness of the trustee's conduct

can be judged. This may be indicated by a provision in the trust instrument that the trustee shall have 'absolute' or 'unlimited' or 'uncontrolled' discretion. These words are not interpreted literally but are ordinarily construed as merely dispensing with the standard of reasonableness. In such a case the mere fact that the trustee has acted beyond the bounds of a reasonable judgment is not a sufficient ground for interposition by the court, so long as the trustee acts in a state of mind in which it was contemplated by the settlor that he would act. But the court will interfere if the trustee acts in a state of mind not contemplated by the settlor. Thus, the trustee will not be permitted to act dishonestly, or from some motive other than the accomplishment of the purposes of the trust, or ordinarily to act arbitrarily without an exercise of his judgment." Restatement, 1 Trusts, p. 488, sec. 187, comment *j*.

It cannot be held that the decisions of Mary A. Koos in declining the Newhagen offers and in accepting the Grace Koos offer without submitting such considerations for the court's determination, were contumacious as claimed by appellants. The court, in fact found, that she had exercised reasonable judgment.

The trial court determined that Mary A. Koos did not act in bad faith when voting a salary for herself. Such action does not appear to have been disadvantageous to the trust estate. Clearly, it was within her right to vote the 1,900 shares of stock at the meetings of the company as she deemed for the best interest of the estate as well as for the company. In its memorandum decision the court observed that: "There is nothing of record which would indicate that the corporation has not prospered under the management of the executrix, and her sister-in-law, Grace Koos, and nothing to indicate that in any prior year, when Richard P. Koos was managing the company, it was managed in a more efficient way than it has been since the stockholders' meeting of 1953, . . ."

It is contended that the offers of R. J. Newhagen to purchase at $175 per share and later at $190 per share, a mini-

mum of 600 and maximum of 950 shares of the stock to be allocated to the trust estate, were better than the offer taken by her from Grace Koos to purchase 700 shares at $180 per share, and as many more up to 950 as the executrix determined to sell, and that, consequently, in declining the Newhagen offer the widow was not protecting the interest of the beneficiaries of the trust in the manner required by law.

It is the position of Mary A. Koos that a sale of part of the shares of stock to A. J. Newhagen would have relegated the unsold portion of the estate's stock from its present favorable majority position to an extremely unfavorable minority position at the mercy of an openly hostile majority, thereby seriously impairing the value of such remaining stock. With respect to this item, the trial court found that there was no violation of duty of good faith, care, or diligence on her part in regard to her obligations to the beneficiaries of the trust. It found that in view of her obligation as executrix to protect the interests of all of the beneficiaries of the estate, there was no improper dual undertaking on her part. In the interest particularly of the beneficiaries of the trust, the court scrutinized with care all of the actions of the widow in her contract of sale of shares to Grace Koos, and approved of the contract. It is noted that negotiations for the sale of shares to Grace Koos had been pending over a period of time before the contract was made. It does not appear that such dealings or the results thereof, must be held, in the light of the circumstances, as having been acts participated in by her on an arbitrary basis or in bad faith. Since the court determined that the contract with Grace Koos was valid, and approved of it, there was no obligation on the part of Mary A. Koos to rescind it, nor was the court empowered to do so, despite the offer later made by Richard P. Koos. Removal of the widow as trustee was found not to be required.

The court found that the executrix and named trustee had not acted dishonestly, fraudulently, or arbitrarily and that under all the circumstances she had in fact acted reasonably

and to the best interest of the estate and the trust to be established. It appears that in its findings and conclusions the court properly considered and applied the correct principles of law in relation to a situation such as this. The weight and credibility of the evidence was for the court. We are obliged to determine that the trial court's findings are not against the great weight and clear preponderance of the evidence.

Respondents on this appeal suggested that under authority of *Klitzke v. Herm* (1943), 242 Wis. 456, 8 N. W. (2d) 400, this court, on its own motion dismiss the appeal from the order refusing to vacate the "Order, Judgment, and Decree" of August 17, 1954, for the reason that it is not an appealable order, and that this court is without jurisdiction. Separate motion seeking dismissal upon such ground was not addressed to the court.

The motion to vacate the judgment was based on the ground of newly discovered evidence. This was a final order which affected a substantial right, and is appealable under sec. 274.33 (2), Stats. The situation is controlled by the ruling in *Harvey v. Harvey* (1930), 201 Wis. 378, 230 N. W. 79.

On October 11, 1954, Judge BAKER, who had been called upon to determine appellant's application with reference to the offer of Richard P. Koos to purchase all of the stock assignable to the trust at $300 per share, stated in his decision:

"The papers on file and of record show that a contract has actually been entered into by and between the executrix, purporting to act as such and as named trustee, and Grace A. Koos [March 17, 1954]. The court has previously [August 17, 1954] said that this is a good and binding contract and is approved. If that decision of the court is given full weight, the offer made in the last forty-eight or seventy-two hours is, of course, too late to release the parties involved in the contract which has been approved."

The last offer of Richard P. Koos had not been made when Judge Davis determined that the contract made with Grace Koos was valid, and approved of the same. That contract became effective and binding upon the parties thereto when made (March 17, 1954). Richard P. Koos's offer is a new development. It pertains to a situation that did not exist at the time of trial. It is not in the category of newly discovered evidence. Were we to assume that on August 17, 1954, the court had approved the Newhagen offer instead of the Grace Koos offer, and had a contract then been negotiated with Newhagen, clearly, consideration of an offer such as Richard P. Koos made in October, 1954, could not be entertained.

We are of the opinion that the judgment and the order appealed from must be affirmed.

*By the Court.*—Judgment and order affirmed.