Ledebuhr vs. The Grand Grove of Wisconsin of the Order of Druids.

LEDEBUHR, Appellant, vs. THE GRAND GROVE OF WISCONSIN OF THE ORDER OF DRUIDS, Respondent.

*October 4— October 22, 1897.*

*Appealable order.*

An order, made in an action upon a benefit certificate brought by the devisee of the assured, setting aside a judgment against the defendant obtained therein by default, and staying proceedings until distribution of the estate of the devisor, is not appealable. It is not a final order affecting a substantial right made on a summary application in an action after judgment, within the meaning of subd. 2, sec. 1, ch. 212, Laws of 1895, nor is it one of the orders mentioned in subd. 3 as appealable.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Appeal dismissed.*

The action is on a benefit certificate issued by the defendant to one Albert C. Krueger in his lifetime. By the certificate the defendant agreed to pay, to the person whom the said Albert C. Krueger should appoint in his last will and testament, the sum of $1,000 in the event of his death. Krueger died, and his will was admitted to probate. It contained a provision whereby, after the payment of his just debts and funeral expenses, he gave to the plaintiff all his personal property; "also, one thousand dollars insurance money by the" defendant. After the will had been admitted to probate and an administrator with the will annexed appointed, the plaintiff brought this action to recover the

Ledebuhr vs. The Grand Grove of Wisconsin of the Order of Druids.

amount of the certificate, and obtained judgment by default. On defendant's motion, the judgment and default were set aside, and the defendant admitted to defend.   By the order, all proceedings in the action were stayed until the county court shall have administered the estate, and made its order of distribution.   From that order the plaintiff appeals.

For the appellant there was a brief by *Richard Elsner*, attorney, and *Adolph Huebschmann*, of counsel, and oral argument by *Mr. Huebschmann*.

*Julius E. Roehr*, for the respondent.

NEWMAN, J.   Unless this is a final order, within the meaning of the statute, it is not appealable.   To be appealable, it must be " a final order, affecting a substantial right, made . . . upon a summary application in an action after judgment."   Laws of 1895, ch. 212, sec. 1, subd. 2.   It could not be appealable under subd. 1, because it does not prevent a judgment from which an appeal might be taken.   It plainly contemplates further proceedings in the action, and a possible judgment.   The fact that it stays proceedings in the action, and postpones judgment, does not make it appealable. *Peeper v. Peeper*, 53 Wis. 507.   And it is not one of the orders mentioned in subd. 3.   Is it, then, a *final* order, within the meaning of subd. 2?   It certainly is not final in any such sense as that it concludes or ends the controversy. It concludes nothing.   It leaves everything open for future proceedings and investigation.   No doubt, its effect upon the rights of the parties is the test whether it is a final order. An order which sets aside a judgment and opens a default is not, generally, final.   It may be final if it cuts off rights which have been acquired under the judgment.   *Kingsbury v. Kingsbury*, 20 Mich. 212, 215.   If it closes the matter and precludes further hearing and investigation, it is final; and generally an order is not final which does not completely dispose of the subject matter and the rights of the parties,

and so determine the action as to prevent a judgment. 2 Ency. of Pl. & Pr. 72. It is clear that this is not a final order, and so is not appealable. *Davison v. Brown*, 93 Wis. 85.

*By the Court.*— The appeal is dismissed.