PORT HURON ENGINE & THRESHER COMPANY, Appellant, vs. RUDE and others, Respondents.

*November 5 — November 22, 1898.*

*Appealable order.*

An order, made upon a motion supported by affidavits and a verified answer, which opens a default and allows the defendant to plead, but refuses to order a reference of the questions of fact arising on such motion, is not a final order nor does it prevent a judgment from which an appeal might be taken, and is therefore not appealable under sec. 3069, Stats. 1898.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Appeal dismissed.*

For the appellant there were briefs by *F. J. & C. F. Lamb,* and oral argument by *F. J. Lamb.*

*J. P. Smelker,* for the respondents.

WINSLOW, J. The plaintiff entered judgment against the defendants upon judgment notes, and the defendants moved upon affidavits and a verified answer to vacate the judgment, and for leave to plead. The motion was heard upon affidavits, and the court opened the default and allowed the answer to be served, but allowed the judgment to stand as security, and refused to order a reference of the questions of fact arising on the motion as asked for by the plaintiff. From that part of the order opening the default and refusing the reference the plaintiff appealed.

Upon the authority of the case of *Ledebuhr v. Grand Grove*, 97 Wis. 341, the order in question must be held not appealable. It is not appealable under subd. 1, sec. 3069, Stats. 1898, because it does not determine the action, nor prevent a judgment from which an appeal may be taken. Neither is it appealable under subd. 2 of the same section, because it is not a *final* order after judgment. As said in the case cited: "It concludes nothing; it leaves everything open for future proceedings and investigation." Had the motion been denied, then the order would clearly have been a *final* order, as held in the case of *Purcell v. Kleaver*, 98 Wis. 102, and hence appealable.

*By the Court.*— Appeal dismissed.