## SILVERMAN v. MARK.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

JUDGMENT (§ 140*)—DEFAULT—APPEARANCE—"TRIAL."

On the day a case was called for trial, and at the time when judgment was entered against the defendant, his counsel was engaged in the trial of a case in another city, and his office boy presented the excuse in the form of an affidavit to the trial judge, but the case was ordered to trial and a jury impaneled. *Held*, that the fact that the boy was present when the jury was impaneled, and while plaintiff was giving formal proof to warrant entry of judgment, did not make the proceeding a "trial," as distinguished from a default, and that defendant was entitled to have the default opened without terms.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 252; Dec. Dig. § 140.*

For other definitions, see Words and Phrases, vol. 8, pp. 7095–7103, 7821.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Wulf Silverman against Henry Mark. From an order of the City Court, denying defendant's motion to open his default and vacate a judgment, he appeals. Reversed, and default opened, without terms.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Jacob L. Holtzmann, of New York City, for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

BIJUR, J. It is not denied that the appellant's counsel was, on the day and at the time when this judgment was entered against him, engaged in the trial of a case in the Municipal Court in Brooklyn, and that this excuse was properly presented to the judge below in the form of an affidavit; but this case was ordered to trial and a jury impaneled. A boy from the office of defendant's counsel was present at the time, and, appreciating his own inexperience, he asked the clerk of another lawyer, with whom he was acquainted and who happened to be present in the court, to assist and advise him. The clerk referred to is not an attorney.

The learned judge below seemed to be of opinion that, because this boy and the young man were present when the jury was impaneled and while the plaintiff was giving formal proof to warrant the entry of judgment, the proceeding was a trial, and not a default. In this I think he was in error. There was not in court at that time either the defendant or any one authorized to represent him.

Order reversed, with $10 costs and disbursements, and default opened without terms. All concur.