FIDELITY & CASUALTY CO. OF NEW YORK v. BLACK.

(Supreme Court, Appellate Term, First Department.    March 13, 1916.)

COURTS ☞189(15)—MUNICIPAL COURTS—DEFAULT—REOPENING—CONDITIONS.
    Where the Municipal Court dismissed a complaint, notwithstanding the fact that the attorney for the plaintiff was then actually engaged in the trial of the case in the Supreme Court, plaintiff is entitled to have the default opened without terms.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(15).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Fidelity & Casualty Company of New York against James Black.  From an order of the Municipal Court, opening a default judgment against plaintiff on terms, plaintiff appeals.  Order modified, by striking therefrom the imposition of terms, and, as modified, affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Herman H. Feldstein, of New York City (Joseph Joffe, of New York City, of counsel), for appellant.

Abraham C. Cohen, of New York City, for respondent.

WEEKS, J.    Issue in this case was joined by the defendant in person, and the case set down for trial for November 26, 1915, and again adjourned at the request of defendant until December 3, 1915. The action was brought to recover the sum of $7.50, claimed by plaintiff to be the amount of an earned premium upon an insurance policy issued by it to the defendant.  On the adjourned day the attorney who was to try the case for the plaintiff was actually engaged in the Supreme Court in the trial of a case.  An affidavit showing such engagement was offered to the trial justice by the clerk of the attorney, but the justice ignored it and asked an attorney present in the courtroom upon another case to appear for and represent the defendant. The attorney thus assigned, having been advised of the situation, moved to dismiss the complaint, which motion was granted, with $5 costs.  Upon the hearing to open the default the same facts appeared as to the actual engagement of plaintiff's attorney, and the court opened the default, but imposed the payment of a further sum of $5 as a condition therefor.  This court has held that the actual engagement of counsel in the trial of another case furnishes a complete excuse for the adjournment of a case, and that in such cases the default should be opened without terms.  Mann v. Hefter, 128 N. Y. Supp. 663; Silverman v. Mark, 148 N. Y. Supp. 259.

Order modified, by striking therefrom the imposition of costs, and, as modified, affirmed, with $10 costs to appellant to abide the event. All concur.

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes