Kelm, Appellant, vs. Kelm, Respondent.

*February 10—April 7, 1931.*

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

For the respondent there was a brief by *Lloyd D. Mitchell,* attorney, and *John F. Kluwin* of counsel, and oral argument by *Mr. H. P. Hughes* and *Mr. Mitchell,* all of Oshkosh.

FAIRCHILD, J. The orders are not appealable. Sec. 274.33, Stats., describes the orders which may be brought to the supreme court by appeal, and neither of the orders under consideration is within that. statute. They are not final orders.

Orders similar to the first one mentioned in the statement of facts have in several instances been treated on ap-

peal as though they were appealable orders. In *Donkle v. Milem,* 88 Wis. 33, 59 N. W. 586, for instance, Mr. Justice PINNEY said: "The order opening the judgment as to defendant Milem and allowing him to serve an answer and defend was an order 'upon a summary application in an action after judgment' and was appealable." The statute at that time read as it now reads. The quotation in the *Milem Case* omitted the word "final." "A final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment" is the whole of the subsection under consideration in the *Milem Case* and here. The failure to give full significance to the use by the legislature of the word "final" may explain the course followed in deciding that case. The appellant points out that this first order vacates a final judgment and seeks to support his argument that it also grants a new trial by reference to the case of *Moran v. Moran,* 172 Wis. 59, 178 N. W. 248. There is no doubt that if a new trial, in the sense in which that term is used in the statute and in legal parlance, were granted, the order would be one falling under sub. (3) of sec. 274.33 and would be appealable. The proceedings in the *Moran Case* come within that subsection and they differ from those in the case now before us in the respect that no trial in the accepted sense was had in this case, while in the *Moran Case* issues were joined and there was a judicial examination of those issues. In the *Moran Case* the defendant was incompetent at the time of the trial and not able to be in court, but her attorney and guardian *ad litem* were present. The case came on for trial in its regular order upon the issues raised by the pleading, and after hearing the testimony and proofs submitted by the parties the court made its findings of fact and conclusions of law and granted plaintiff judgment. Several months later, the defendant having regained her health and being able to appear in court and testify, she sought to have the

judgment vacated and such other relief as might be just and equitable. Upon the showing made, the court, being of the opinion that a new trial should be had, granted the motion and ordered that the judgment theretofore entered "be vacated and set aside and the action placed for trial. . . ." The plaintiff appealed from that order to this court, where it was held that "the order grants a new trial of the action and hence is an order appealable to this court under the provisions of sub. 3, sec. 3069, Stats." (now sec. 274.33).

The difference between the *Moran Case* and this case lies in the difference between an appealable order and an order that is not appealable. There the issues were joined and a trial had. In this case the pleadings were such that no issues were joined, and any suggestion of an issue was, upon the stipulation entered into, abandoned and a default occurred. A default occurs when there is no trial of the issues. "Issues arise upon the pleadings when a fact or conclusion of law is maintained by one party and controverted by the other" (sec. 270.01), and "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact" (sec. 270.06). *Silverman v. Mark,* 148 N. Y. Supp. 259; *Taylor v. Taylor,* 61 Oreg. 257, 121 Pac. 431; *Ledebuhr v. Grand Grove,* 97 Wis. 341, 72 N. W. 884; *Kearney v. Morse,* 199 Wis. 150, 225 N. W. 729; *Hanson v. Custer,* 203 Wis. 55, 233 N. W. 642.

In *Port Huron E. & T. Co. v. Rude,* 101 Wis. 324, 77 N. W. 177, there was an appeal from an order opening a default and it was there stated:

"Upon the authority of the case of *Ledebuhr v. Grand Grove,* 97 Wis. 341, 72 N. W. 884, the order in question must be held not appealable. It is not appealable under sub. 1, sec. 3069, Stats. 1898, because it does not determine the action, nor prevent a judgment from which an appeal may be taken. Neither is it appealable under sub. 2 of the same section, because it is not a *final* order after judgment.

As said in the case cited, 'It concludes nothing; it leaves everything open for future proceedings and investigation.' Had the motion been denied, then the order would clearly have been a *final* order, as held in the case of *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322, and hence appealable."

See *Harvey v. Harvey,* 201 Wis. 378, 230 N. W. 79, for discussion of the subject of appealable orders.

In addition to the general statutes regulating this subject, there are statutes peculiarly relating to divorce actions. Sec. 247.15 requires the appearance of the divorce counsel in default actions. Sec. 247.14 provides for the appearance of such counsel in an action when the defendant fails to answer or withdraws his answer before trial. This is what happened here. Sec. 247.18 reads:

"*Default actions; affirmative proof required.* No decree for annulment of marriage, or for divorce, shall be granted in any action in which the defendant does not appear and defend the same in good faith unless the cause is shown by affirmative proof aside from any admission to the plaintiff on the part of the defendant."

The rule sought to be established by the legislature draws the line between appealable orders and non-appealable orders, as far as a new trial is concerned, between defaults and actual trials. This of course gives to the trial court broad powers, but trial courts are not, and of right should not be, overindulgent in the matter of excusing defaults and vacating judgments entered properly. Good cause must be shown, and the order entered setting aside a default is reviewable when the case reaches this court on appeal from the final judgment. There must be this power resting somewhere to relieve a party from mistakes and disadvantages when they result through excusable neglect or by something not chargeable to the party in default and when the application therefor is made seasonably. There ought to be no arbitrary action, and the order should be granted only when some

legitimate ground exists on which to excuse the party in default. The interest of all may be assured by imposing proper terms which protect the party having secured the judgment.

Whatever confusion over the question of the appealability of such an order as this may have existed, the recent decisions in conformity with the statutes have settled the rule. Unless the order falls within one or the other of the classes mentioned it is not appealable.

*By the Court.*—Appeal dismissed.