STATE, Respondent, vs. EIGEL, imp., Appellant.

*December 8, 1932—January 10, 1933.*

The cause was submitted for the appellant on the brief of *John F. Thieman* of Milwaukee, and for the respondent on that of *George A. Bowman,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Clark J. A. Hazelwood,* assistant corporation counsel.

OWEN, J.   Sec. 269.46, Stats., provides that a court may relieve a party from an order against him through his mistake, inadvertence, surprise, or excusable neglect.   The court was without power to vacate the order of March 6, 1931, except as provided in sec. 269.46, because the term during which it was made had expired.   It is the contention of the plaintiff that the order of December 28, 1931, reinstating the action, is not an appealable order.

The order of March 6, 1931, dismissing the action, was appealable because it determined the action. Sec. 274.33, Stats. The order of December 28, 1931, reinstating the action, was not appealable, however, because, although it affected a substantial right, it did not "determine the action" nor "prevent a judgment from which an appeal might be taken." *Raymond v. Keseberg,* 98 Wis. 317, 73 N. W. 1010. While the motion made by the defendants was to amend the order sustaining the demurrer, the court granted an order reinstating the case and placing it upon the calendar. The order of March 6, 1931, was not a judgment. A judgment is the final determination of the rights of the parties in the action. Sec. 270.53. The order of December 28, 1931, reinstating the case is therefore not an order made after judgment, and not appealable under sec. 274.33 (2). Nor is the order appealable under sec. 274.33 (4). The order sought to be amended was not an order made in chambers but one made in open court.

In *Bonesteel v. Orvis,* 31 Wis. 117, it was held, upon the authority of *Walsh v. Dart,* 19 Wis. 433, that an order vacating a previous order which dismissed an action for want of prosecution was appealable. The appeal was from an order of dismissal, and was taken by the party whose rights were thereby concluded. There can be no doubt about the appealability of such an order. However, an order reinstating a case after an order of dismissal does not determine the action nor prevent a judgment from which an appeal might be taken. *Bonesteel v. Orvis* stands alone, and is contrary to the holdings in other jurisdictions. 3 Corp. Jur. p. 504, § 336. An order which opens a default and allows a defendant to plead is not a final order nor does it prevent a judgment from which an appeal might be taken. *Port Huron E. & T. Co. v. Rude,* 101 Wis. 324, 77 N. W. 177. An order vacating a prior order dismissing an action for want of prosecution within five years, and reinstating a prior

order opening a judgment on cognovit, is not appealable. *Hanson v. Custer,* 203 Wis. 55, 233 N. W. 642. See, also, *Commercial Casualty Ins. Co. v. Frost,* 206 Wis. 178, 239 N. W. 454.

The order not being appealable, the court is without jurisdiction to consider other questions presented.

*By the Court.*—Appeal dismissed.