McKEY, Respondent, vs. EGELAND and another, Appellants.

*September 15—October 13, 1936.*

For the appellants there were briefs by *Robert R. Freeman,* attorney, and *Ronold A. Drechsler* of counsel, both of Milwaukee, and oral argument by *Mr. Freeman.*

For the respondent the cause was submitted on the brief of *Strehlow & Cranston* of Green Bay.

FOWLER, J.   The plaintiff is a nonresident of the state, and the defendants procured an *ex parte* order directing the plaintiff to file security for costs within twenty days.   The plaintiff did not file the bond within the time prescribed by the order.   The defendants thereupon procured an *ex parte* judgment dismissing the action for failure to comply with the order.   The court thereafter on motion of the plaintiff vacated the order of dismissal, permitted the filing of the security and reinstated the action for further proceedings. From the latter order the defendants appeal.

The order is not appealable.   No orders are appealable except as provided by sec. 274.33, Stats., sub. (1) of which permits appeal from an order affecting a substantial right that in effect determines the action and prevents a judgment from which an appeal may be taken.   The order involved falls under said sub. (1).   It affects a substantial right, but it does not determine the action and prevent a judgment from which an appeal may be taken.   There is no other section of the statute under which the order can fall.   It does not fall under sub. (2) because it is not a "final order."   Obviously it cannot fall under subs. (3) and (4).   The situation is not materially different from that involved in *Hanson v. Custer,* 203 Wis. 55, 233 N. W. 642, wherein an order was held not appealable that vacated a former order that for want of bringing the case to trial within five years dismissed all proceedings subsequent to entry of a judgment on cognovit which had been vacated and defense permitted.   The order there vacated terminated the action as effectively as did the judgment of dismissal here involved.

492

The appellants cite *Felton v. Hopkins,* 89 Wis. 143, 61 N. W. 77, in support of the appealability of the order, wherein an order refusing dismissal of a case for failure to comply with an order requiring security for costs was held erroneous and reversed. The question of the appealability of that order was not raised and was not considered by the court, apparently because the statute then governing appeals from orders was not in mind. Subs. (1) and (2) of the statute, sec. 3069, Stats. 1889, were then the same as now, and the order appealed from did not fall under either of these provisions or any other provision of the statute. This court has no jurisdiction to pass upon the merits of an order that is not appealable. *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720. The appeal must be dismissed, and it is so ordered.

*By the Court.*—The appeal is dismissed.