OLD PORT BREWING CORPORATION and another, Respondents, vs. C. W. FISCHER FURNITURE COMPANY and others, Appellants: LABAHN, Interpleaded Defendant and Respondent.

C. W. FISCHER FURNITURE COMPANY, Appellant, vs. LABAHN, Respondent.

*April 13—May 17, 1938.*

64

For the appellants there were briefs by *Karon & Weinberg,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

For the respondents there was a brief by *William B. Collins* of Milwaukee, attorney, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Daniel H. Grady*.

NELSON, J. At the outset, we are confronted with the question as to the appealability of the orders. The judgments entered on the defendants' counterclaim and also against the garnishee defendants, were default judgments. The plaintiffs, according to their showing, had inadvertently failed to answer the defendant's counterclaim and failed to appear for trial in pursuance of the notice sent to Mr. Collins by the clerk of the court. In *Kelm v. Kelm,* 204 Wis. 301, 235 N. W. 787, it was considerately held that neither an order which vacated and set aside a default judgment entered in a divorce action nor an order which denied a motion to set aside such order was appealable. The judgment there was regarded as a default judgment, even though the parties had stipulated that the plaintiff might proceed to trial at any time without further notice to the defendant. In that case, sec. 274.33, Stats., was construed, and it was held that that statute does not authorize an appeal from such orders. To the same effect are the earlier cases of *Ledebuhr v. Grand Grove of Wisconsin of the Order of Druids,* 97 Wis. 341, 72 N. W. 884, and *Port Huron Engine & Thresher Co. v. Rude,* 101 Wis. 324, 325, 77 N. W. 177, in which it was said:

"Upon the authority of the case of *Ledebuhr v. Grand Grove,* 97 Wis. 341, the order in question must be held not appealable. It is not appealable under subd. 1, sec. 3069, Stats. 1898, because it does not determine the action, nor prevent a judgment from which an appeal may be taken. Neither is it appealable under subd. 2 of the same section, because it is not a *final* order after judgment. As said in the

case cited: 'It concludes nothing; it leaves everything open for future proceedings and investigation.' Had the motion been denied, then the order would clearly have been a *final* order, as held in the case of *Purcell v. Kleaver,* 98 Wis. 102, and hence appealable."

See also *Hanson v. Custer,* 203 Wis. 55, 233 N. W. 642, and *Hargraves v. Hoffmann,* 205 Wis. 84, 85, 236 N. W. 556, in which it was pointed out that in certain cases this court had entertained such appeals because the matter of the appealability of such orders had not been questioned and the appealability of such orders was overlooked. It was then said:

"The question of the appealability of such orders must be taken as settled, however, by the recent cases of *Hanson v. Custer,* 203 Wis. 55, 233 N. W. 642, and *Kelm v. Kelm,* 204 Wis. 301, 235 N. W. 787."

It is elementary that unless an appeal is given or permitted by statute no appeal lies.

The court, on September 29, 1937, in granting the plaintiffs' motions, said:

"The court has reviewed the orders entered in the above-entitled actions under date of September 3, 1937, and after careful examination of the proceedings and records, the affidavits and evidence submitted, has concluded that the interests of justice require that said orders ought not stand. The court upon reconsideration has concluded that an injustice would be done the plaintiffs and interpleaded defendant if a trial of the cases on their merits were not held. The amount involved is too severe a punishment on clients for the negligence of their attorney."

While sec. 274.33 (3), Stats., permits an appeal to this court from an order granting a new trial, and while the effect of the orders appealed from will give the plaintiffs an opportunity to have a trial on the merits, the hearing had

upon the plaintiffs' default was not a trial in the sense that that word is used in sec. 274.33 (3). *Kelm v. Kelm, supra.* It cannot be said that the plaintiffs have had a trial of the controverted issues, since they did not appear at the trial, were, as a result of such failure, in default, and in no sense participated in the trial of the issues involved in the two actions. We therefore do not reach the merits of the defendants' contention argued at length in their brief.

*By the Court.*—The appeals are dismissed.