STATE EX REL. CHINCHILLA RANCH, INC., Plaintiff, vs.
O'CONNELL, Circuit Judge, Defendant.

*September 25, 1951—February 5, 1952.*

88

92

*Gerold & Huiras* of Port Washington, for the plaintiff.

*John P. McGalloway* of Fond du Lac, and *Bendinger, Hayes & Kluwin* of Milwaukee, for the defendant.

CURRIE, J.   Relator, the Chinchilla Ranch, Inc., contends that Judge GEHL's opinion filed May 13, 1949, which concluded with the sentence, "Defendant's motion must be granted," constituted an order within the provisions of sec. 270.53 (2), Stats., which provides:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

We cannot agree with such contention. It seems plain from reading Judge GEHL's opinion in which he recites the contentions of the parties, and cites legal authorities on the question of permitting the defendant to defend the action, that he intended such instrument to be merely an opinion, as it was so entitled, and that the same would be followed by a formal order to be thereafter drafted. The concluding words "Defendant's motion must be granted" did not amount to a formal direction within the meaning of sec. 270.53 (2), Stats.

This court in *Dawley v. Dawley* (1944), 246 Wis. 306, 309, 16 N. W. (2d) 827, declared:

"Orderly practice in a matter such as was before the court in this case requires that an opinion be filed, if that seems to the court proper and necessary, and upon the basis of the opinion an order should be made in a separate document. Discussions of questions of law and other extraneous matters should not be included in an order. Nothing but the direction of the court or judge should appear in an order after the proper recitals."

In *Boehm v. Wermuth* (1927), 194 Wis. 82, 84, 215 N. W. 818, it also stated:

"Findings of fact and conclusions of law are one thing, an opinion is another and a distinct and separate thing. They should not be confused or intermingled."

The two foregoing decisions recognize that it is proper practice for a trial court to file a separate opinion when he wishes to set forth his own views on the questions presented, supplemented by citations of legal authorities, and that such opinion should not be combined with the formal order, or formal findings of fact, or conclusions of law.

Furthermore, this court in *Barrock v. Barrock* (1950), 257 Wis. 565, 568, 44 N. W. (2d) 527, said:

"There is some doubt that a memorandum decision, which is written by the court for the information of counsel and which contemplates the filing of more formal findings, should be accorded the dignity of a court order or judgment."

If counsel for relator considered that Judge GEHL's opinion constituted a formal order, why did they proceed as they did and go to Judge MEISTER on December 15, 1949, and secure the entry of the *nunc pro tunc* order which recited that it was entered pursuant to the written *"opinion"* of Judge GEHL filed some seven months before?

If Judge GEHL's opinion did not constitute a formal court order, then Russel's petition for relief from Judge MEISTER's order of December 15, 1949, was made well within one year from the date that Russel and his counsel first had notice of the existence of such purported order, which notice was not acquired until after the filing of the petition in bankruptcy on August 29, 1950. Sec. 269.46 (1), Stats., provides:

"The court may, upon notice and just terms, at any time *within one year after notice thereof,* relieve a party from a

judgment, order, stipulation, or other proceeding against him obtained, through his mistake, inadvertence, surprise, or excusable neglect and may supply an omission in any proceeding."

Judge O'Connell's order of May 10, 1951, amending Judge Meister's order was likewise entered within the one-year period prescribed by sec. 269.46 (1), Stats.

In the case of *Yanggen v. Wisconsin Michigan Power Co.* (1942), 241 Wis. 27, 31, 32, 4 N. W. (2d) 130, the question involved was the validity of certain orders of the trial judge extending the time for deciding motions after verdict. The orders were made by the judge at chambers and were dated March 29, 1941, and May 4, 1941, but were not filed until July 11, 1941. This court held that the orders were not effective and stated:

"An order of the court is a high and solemn juridical act and great care must be taken that such an act be performed under due safeguards to protect those whose right it affects. To this end are the requirements that a juridical pronouncement of this nature be made with due regard to certain formalities such as pronouncement in open court, *State ex rel. Wingenter v. Circuit Court* (1933), 211 Wis. 561, 248 N. W. 413; and the requirement that 'all judgments and orders of the court or judge shall be recorded in the proper books.' Sec. 270.71 (2), Stats. . . .

"An order of the judge at chambers is ineffective until notice thereof has been served upon the opposite party or his attorney. *Spaulding v. Milwaukee & Horicon R. R. Co.* (1860), 11 Wis. *157. For unlike an order made in open court, *Kayser v. Hartnett* (1886), 67 Wis. 250, 30 N. W. 363, such an order would not apprise the opposite party of its existence. And an order made by a judge at chambers is not an order of the court. *Day v. Buckingham* (1894), 87 Wis. 215, 58 N. W. 254."

The order which Judge Meister signed *nunc pro tunc* on December 15, 1949, having been made in chambers with-

out pronouncement in open court, and no notice of the entry of the same having been given to Russel or his counsel, was not binding upon Russel, and was ineffective to vacate the lien of Russel's judgment. Judge O'CONNELL instead of entering a new and separate order upon Russel's petition for relief from Judge MEISTER's order, amended Judge MEISTER's order thereby making Judge MEISTER's order, as so amended, legally effective. Inasmuch as Judge O'CONNELL's order deleted from Judge MEISTER's order the provision for vacation of the judgment, there never at any time existed a legally effective order which vacated the lien of the judgment.

We now come to the last contention advanced by relator that Judge O'CONNELL's order of May 10, 1951, was erroneous because not entered pursuant to, or in conformity with, the opinion filed by Judge GEHL.

Except for the concluding sentence, "Defendant's motion must be granted," Judge GEHL's opinion is entirely devoted to the question of whether the defendant should be afforded an opportunity to defend upon the merits. The opinion cites two decisions of this court, *Wessling v. Hieb* (1923), 180 Wis. 160, 192 N. W. 458, and *State ex rel. Bobroff v. Braun* (1932), 209 Wis. 483, 245 N. W. 176, in support of the proposition that courts "have generally been quite liberal *in opening judgments* entered on cognovit." Technically, when a judgment is opened it is not vacated, but the lien of the judgment is permitted to stand pending the outcome of the trial on the merits. 31 Am. Jur., Judgments, p. 319, sec. 794. In fact, in *Wessling v. Hieb, supra,* the trial court in that case opened up the judgment but permitted the judgment to stand as security for plaintiff's claim, and this court affirmed the order of the trial court.

This court very recently in the case of *State ex rel. Bornemann v. Schultz* (1952), 260 Wis. 395, 402, 50 N. W. (2d) 922, stated:

"In most cases, where relief is sought by a party against whom a default judgment had been rendered, the interests of justice would seem to be best served by opening up the judgment and granting a trial upon the merits, thus retaining the lien of the judgment pending the outcome of such trial, rather than vacating the judgment outright; but nevertheless this is a matter in which the trial courts are free to exercise their own sound discretion."

While Judge GEHL, in his opinion, did not directly discuss the subject of whether the default judgment was to be vacated and set aside, or whether the judgment was merely to be opened up so as to afford the Chinchilla Ranch, Inc., the opportunity to defend on the merits thereby permitting the lien of the judgment to stand pending the outcome of such trial on the merits, the phrase *"opening judgments"* was used, which would indicate that which Judge GEHL had in mind was the opening up of the judgment and not the vacating of it.

However, the relator urges that the concluding sentence, "Defendant's motion must be granted" indicates to the contrary. By "Defendant's motion" Judge GEHL evidently referred to the petition of the Chinchilla Ranch, Inc., upon which he had issued the order to show cause. However, the prayer of such petition was ambiguous in that it at the same time prayed that the judgment be vacated, and also that the plaintiff be enjoined from applying for or procuring any process, and from instituting or continuing any proceedings for enforcement or collection of the judgment. The enjoining of the plaintiff from taking any steps to enforce the judgment is a remedy entirely inconsistent with the vacation of the judgment, because if the judgment were vacated then there would be no judgment which could be enforced.

It is our conclusion that Judge GEHL in his opinion did not hold that the judgment should be vacated or set aside and that it was proper for Judge O'CONNELL in his order of May 10, 1951, to provide that the lien of the judgment

should stand pending the outcome of the trial of the issues on the merits between Russel and the Chinchilla Ranch, Inc.

*By the Court.*—Order affirmed.

GEHL, J., took no part.