CROSS, Respondent, vs. LEUENBERGER and wife, Appellants. [Two cases.]

*December 4, 1956—January 7, 1957.*

For the appellants there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondents there was a brief by *Bitker & Marshall,* attorneys, and *Gerald J. Kahn* of counsel, all of Milwaukee, and oral argument by *Mr. Kahn.*

WINGERT, J.   The appeals must be dismissed, because the orders appealed from are not appealable. An order vacating a judgment entered on default of either party does not determine the action and prevent a judgment from which an appeal might be taken, within sub. (1) of sec. 274.33, Stats., nor is it a final order within sub. (2) of that section; and obviously it does not fall under sub. (3) or (4). Therefore it is not appealable. *McKey v. Egeland*, 222 Wis. 490, 491, 269 N. W. 245; *Old Port Brewing Corp. v. C. W. Fischer F. Co.* 228 Wis. 62, 66, 279 N. W. 613; *Kelm v. Kelm*, 204 Wis. 301, 235 N. W. 787. The orders here appealed from are within that rule, plaintiffs having defaulted by failing to serve amended complaints or pay the motion costs within the period fixed therefor by the orders sustaining demurrers to the original complaints.

It is also established that where a judgment is entered in the trial court in accordance with the mandate of this court, an appeal from that judgment will be dismissed. *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 211 Wis. 144, 147, 246 N. W. 571, 248 N. W. 121. The same principle applies where the judicial act appealed from is an order rather than a judgment. The orders here in question fall within that rule, because the trial court had to vacate the judgments in order to carry out properly the mandate to permit plaintiffs to serve amended complaints.

The orders complained of not being appealable, we are not required to pass upon the contention of the defendants that this court's mandate on the former appeal was ineffectual on jurisdictional grounds because the orders reviewed on that appeal were not appealable. Early decisions appear, however, to settle the point that the propriety of such mandate is beyond successful challenge in later stages of the litigation. *State v. Waupaca County Bank*, 20 Wis. *640, *642; *Hungerford v. Cushing*, 8 Wis. *324, *327.

*By the Court.*—Appeals dismissed.