STATE EX REL. GRANT and another, Petitioners, v. CIRCUIT COURT OF WAUKESHA COUNTY, Respondent.

*November 7—December 2, 1958.*

*Harold M. Dakin* of Watertown, for the petitioners.
*Eldred Dede* of Milwaukee, for the respondent.

PER CURIAM. Under date of July 7, 1958, pursuant to the petition of the petitioners Agnes Grant and Roy Grant, Jr., a writ of certiorari was issued out of this court directing the respondent circuit court for Waukesha county to certify and return to this court a full and complete transcript of the rec-

ord, judgment, and proceedings in that certain matter pending in said circuit court in which Henry Wegner is the plaintiff and the petitioners are the defendants. Pursuant to such writ the respondent court did make a return to this court of such transcript on September 9, 1958, which transcript has been reviewed by this court. This court has also had the benefit of an oral explanation of the controversy made on November 7, 1958, by Harold M. Dakin, Esquire, attorney for the petitioners at the time of the issuance of the writ, Mr. Dakin having been requested by this court to present such explanation.

It appears from the transcript constituting part of the return that on December 9, 1957, a hearing was had before the respondent court in the aforesaid action of *Wegner v. Grant,* post, p. 617, 93 N. W. (2d) 353, at which the petitioners were represented by Clayton A. Cramer, their then attorney. At the conclusion of such hearing the respondent circuit court denied plaintiff Wegner's motion for default judgment and denied the petitioners' motion for summary judgment and granted to the petitioners the period of one week from said 9th day of December, 1957, in which to file an answer. On December 30, 1957, a further hearing was held by the respondent circuit court on the application of the plaintiff Wegner for default judgment. Attorney Cramer appeared at such hearing and asked to withdraw from the case as counsel for the petitioners because they had refused to follow his advice. Mr. Cramer further stated that he had written and mailed a letter to the petitioners on December 9, 1957, advising them that he was withdrawing from the case and to secure other counsel and that it was necessary to act promptly because of the one-week period granted in which to answer. The petitioners failed to act upon such advice. Attorney Cramer prior to December 9, 1957, urged the petitioners to file an answer to the complaint but they refused to do so, and no answer was ever served or filed in said action.

The respondent court at said hearing of December 30, 1957, permitted Attorney Cramer to withdraw from the case, and allowed plaintiff's counsel to put in the necessary proof by way of testimony and exhibits to entitle the plaintiff to default judgment for the return of the $7,000 previously paid to the petitioners as a down payment on the purchase of real estate. Such evidence established lack of marketable title in the petitioners. Findings of fact, conclusions of law, and judgment for the recovery by the plaintiff Wegner of the $7,000 with interest and costs were duly entered on January 3, 1958. No appeal was ever taken by petitioners from such judgment although notice of entry thereof was served on the petitioner Agnes Grant on January 4, 1958, and on the petitioner Roy Grant, by substituted service made upon Agnes Grant, his wife, on January 6, 1958.

It further appears from the transcript returned by the respondent court that on May 21, 1958, the petitioners being then represented by Dakin & Dierker, as counsel, moved the court to vacate said default judgment on the ground that the petitioners had not been given proper notice of the application for judgment. Such motion came on for hearing before the respondent court on May 26, 1958, and on said date an order was entered staying proceedings on the judgment and directing the petitioners to file and serve their answer on or before June 2, 1958, and setting the case for trial on July 3, 1958. Thus, in effect, the respondent circuit court followed the procedure recommended by this court in *State ex rel. Chinchilla Ranch v. O'Connell* (1952), 261 Wis. 86, 97, 51 N. W. (2d) 714.

Attorney Harold M. Dakin, in his verbal statement given before this court on November 7, 1958, stated that he advised the petitioners to file an answer setting up a defense on the merits but the petitioners steadfastly refused to permit such an answer to be filed. Because of such failure to file an answer on or before June 2, 1958, the respondent circuit

court by order dated June 6, 1958, terminated the previous stay of proceedings directed by its order of May 26, 1958, and the petitioners lost their opportunity of having the judgment opened so that they could defend on the merits.

The petitioners have been represented by competent counsel, first Mr. Cramer, and, subsequent to the entry of judgment by Dakin & Dierker, but have stubbornly refused to follow the advice of such counsel. The result has been that if the petitioners did possess any defense on the merits to the plaintiff Wegner's cause of action, the nature of such defense never before or after judgment has been presented to the trial court. We have searched petitioners' long 93-page petition to this court in vain for any facts which would constitute such defense on the merits. There has been no showing made that any injustice has been perpetrated upon the petitioners that could not have been adequately raised by an appeal from the original default judgment.

This court has steadfastly refused to permit the original jurisdiction of this court to be invoked by writs of certiorari where an appeal from the court below provides an adequate remedy. *In re Hammer* (1902), 113 Wis. 96, 89 N. W. 111.

The writ of certiorari be, and the same hereby is, quashed; no costs to be taxed.

BROWN, J., took no part.