SPOHN and others, a Partnership, Respondents, v. NORDEN, Appellant.*

*May 4—June 2, 1959.*

* Motion for rehearing denied, with $25 costs, on October 6, 1959.

384

For the appellant there was a brief and oral argument by *Martin M. Morrissey* of Madison.

For the respondents there was a brief by *Spohn, Ross, Stevens, Lamb & Pick* of Madison, and oral argument by *James F. Spohn.*

CURRIE, J. Counsel for the defendant on this appeal states that the motion to strike the cognovit judgment was prepared by a Maryland attorney who was not familiar with Wisconsin practice, and concedes that the proper motion would be one to either open or vacate the judgment. The plaintiff consents that such motion may be so treated by this court on this appeal. Therefore, we will so treat it.

The plaintiff contends that, because of the recital in the order appealed from that the plaintiff had advised the court that the cognovit judgment was taken for security purposes only, such order did open up the judgment and permit the defendant to defend on the merits. However, the order does not make this clear. It should be modified by adding a clause thereto: (1) Specifically directing that the judgment is opened and that the defendant's amended answer and counterclaim in the action for fees, which was instituted by the plaintiff against the defendant, stand as defendant's pleading to the plaintiff's complaint in the cognovit-judgment roll; and (2) that the cognovit judgment be continued in effect for security purposes only until the trial and determination of such action for fees.

Counsel for the defendant also advances the argument that the cognovit judgment should be vacated and not merely opened up. We do not agree. In *State ex rel. Bornemann v. Schultz* (1952), 260 Wis. 395, 402, 50 N. W. (2d) 922, we stated:

"In most cases, where relief is sought by a party against whom a default judgment had been rendered, the interests of justice would seem to be best served by opening up the judgment and granting a trial upon the merits, thus retaining the lien of the judgment pending the outcome of such trial, rather than vacating the judgment outright; but nevertheless this is a matter in which the trial courts are free to exercise their own sound discretion."

This same rule was reiterated and approved in *State ex rel. Chinchilla Ranch v. O'Connell* (1952), 261 Wis. 86, 97, 51 N. W. (2d) 714.

*By the Court.*—Order modified as provided in this opinion and, as so modified, is affirmed. No costs shall be taxed by either party on this appeal.

MARTIN, C. J., took no part.