BUCKLEY, Respondent, v. PARK BUILDING CORPORATION, Appellant.

*April 1—April 27, 1965.*

426

428

For the appellant there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes*.

For the respondent there was a brief by *Harold Harris*, attorney, and *Alvin Richman* of counsel, both of Milwaukee, and oral argument by *Mr. Harris*.

FAIRCHILD, J. Defendant asserts that the May, 1963, judgment in its favor has never been set aside and still constitutes a final determination of the rights of the parties; that the amended complaint is a fugitive pleading without force. Plaintiff counters, of course, with the order of January 7, 1964, which "permitted relief under section 269.46" and expressly allowed plaintiff to amend her pleadings. Although the order did not employ the words "vacate," "set aside," or

"open up," she argues that the status of the judgment, under the order, is that it continues to be of record, but its finality as a determination of the rights of the parties is suspended, pending a new determination thereof.

This court has pointed out the distinction between opening and vacating a judgment. Where a party against whom a default money judgment has been rendered obtains relief from a judgment, so that he may defend, it is the frequent, and perhaps preferred, practice to open up the judgment, but, by not vacating it, to permit the lien of the judgment to stand as security, pending the outcome of the trial upon the merits.[2] In the instant case the May, 1963, judgment simply dismissed the complaint and did not award costs. Thus the usual reason for merely opening a judgment, the preservation of a lien, did not obtain. But although the order was vague with respect to the exact "relief" permitted, it was specific in authorizing an amended complaint. It can only mean that the judgment was opened up pending a fresh determination of the merits.

Defendant challenges the validity, or at least propriety, of the order of January 7, 1964. Counsel correctly points out that it was entered more than sixty days after the end of the term during which the judgment was entered, and, accordingly, was not authorized by sec. 269.46 (3), Stats. It was, however, entered within one year after notice of the judgment, and therefore timely under sec. 269.46 (1).

Defendant contends that the order was entered without notice and without sufficient showing of excusable neglect, and for both those reasons was not authorized by sec. 269.46 (1), Stats. Plaintiff contends that the order represented the decision which the circuit court reached and announced at the hearing on the previous December 23d.

[2] *State ex rel. Chinchilla Ranch, Inc., v. O'Connell* (1952), 261 Wis. 86, 96, 51 N. W. (2d) 714. See *Glassner v. Medical Realty, Inc.* (1964), 22 Wis. (2d) 344, 352, 126 N. W. (2d) 68.

Defendant had notice of that hearing and its counsel was present. Plaintiff further contends that a sufficient showing of excusable neglect was made so that the circuit court did not abuse its discretion in opening the judgment.

Because of our conclusion that this appeal must be dismissed, we do not resolve the conflicting claims just described.

Defendant apparently made no application to the circuit court to vacate the order of January 7, 1964, but attempted to appeal to this court. Counsel contended that the order was appealable under sec. 274.33 (2), Stats., because it was "made upon a summary application in an action after judgment." The language just quoted omits the statutory requirement of finality. The pertinent portion of sec. 274.33 (2) is: "A *final* order affecting a substantial right . . . made upon a summary application in an action after judgment." (Emphasis supplied.)

An order opening or vacating a judgment and permitting further proceedings is not a final order and, accordingly, not appealable under sec. 274.33 (2), Stats., even though it affects a substantial right and is made, obviously, in an action after judgment.[3] Defendant's appeal from the order of January 7, 1964, was therefore dismissed. The fact that the order is not appealable does not mean that defendant could never have it reviewed here. If the ultimate judgment should go against defendant, defendant could, on appeal from the judgment, have the order reviewed. It would then be reviewable as an intermediate order which involves the merits and necessarily affects the judgment.[4]

---

[3] *Kelm v. Kelm* (1931), 204 Wis. 301, 235 N. W. 787; *Hargraves v. Hoffmann* (1931), 205 Wis. 84, 236 N. W. 556; *State v. Eigel* (1933), 210 Wis. 275, 277, 246 N. W. 417; *McKey v. Egeland* (1936), 222 Wis. 490, 269 N. W. 245; *Old Port Brewing Corp. v. C. W. Fischer Furniture Co.* (1938), 228 Wis. 62, 66, 279 N. W. 613.

[4] Sec. 274.34, Stats.

Defendant contends that the order of October 26, 1964, is appealable because it "denies an application for summary judgment." [5] The motion says that it seeks summary judgment and the court so referred to it in denying it. Taking the label literally, the order would be appealable as claimed.

We conclude, however, that the nature of the motion and order denying it must be determined from its substance, and not from the label defendant chose to apply. The amended complaint was expressly authorized by the order of January 7, 1964. It properly stands as the complaint in the action unless that order be vacated, or disregarded as a nullity. Defendant's so-called "plea in bar" raised only one issue of law—whether the judgment is still in full force, *i.e.,* whether the January 7, 1964, order was a nullity. The "plea in bar" did not deny any allegation of the complaint nor raise any defense to the cause of action therein alleged. Defendant's motion for summary judgment did not purport to resolve any of the issues made by its answer to the amended complaint apart from its "plea in bar." In substance, it simply brought on for hearing the issue of law raised by the "plea in bar." The affidavit supporting the motion restated matters already of record with respect to the 1963 judgment and counsel's conclusion of law concerning the status of the judgment. No evidentiary facts were stated. Although the motion said that it sought the entry of a judgment, it was premised upon the claim that there was already a final judgment in the action in full force and effect. Assuming, arguendo, that the January 7, 1964, order is a nullity, it would follow that the proceedings after the 1963 judgment and inconsistent therewith are improper, and defendant would be entitled to an order vacating them and striking the amended complaint, but not to a second and redundant judgment.

---

[5] Sec. 274.33 (3), Stats.

In reality, defendant's motion was not a motion for summary judgment, though so designated, and an order denying it was not appealable as an order denying an application for summary judgment.

An order refusing to vacate an order opening a judgment is no more appealable than the order vacating the judgment.[6] Although a motion to strike a pleading is, under some circumstances, treated as equivalent to a demurrer, so that an order granting or denying the motion is appealable, defendant's instant motion, if considered as a motion to strike the amended complaint, could not be deemed tantamount to a demurrer. The motion is not grounded on lack of merit in the amended complaint, but upon a claim that the court improperly permitted plaintiff to serve it.[7]

Orders denying a motion to dismiss, or denying a motion for judgment on the pleadings are not appealable.[8]

The true nature of defendant's motion appears to be a motion to vacate all proceedings after the 1963 judgment inconsistent therewith, and to strike the amended complaint. The order denying said motion is not appealable, and the appeal must be dismissed.

*By the Court.*—Appeal dismissed.

GORDON and WILKIE, JJ. (*concurring*). We join in the court's opinion that this appeal should be dismissed for the reason that the order appealed from is not appealable. We would dismiss the appeal on the additional ground that the appeal is "frivolous" which ground (among others) was asserted by respondent in her motion, made shortly before oral argument, to dismiss the appeal.

---

[6] *Kelm v. Kelm, supra,* footnote 3.

[7] See *State v. Chippewa Cable Co.* (1963), 21 Wis. (2d) 598, 611, 124 N. W. (2d) 616.

[8] *Szuszka v. Milwaukee* (1961), 15 Wis. (2d) 241, 112 N. W. (2d) 699.

By its order of January 7, 1964, the trial court, in effect, reopened the judgment in this case, stating that the plaintiff was "permitted relief under Section 269.46 of the Wisconsin statutes, particularly on the grounds of excusable neglect." Deeming itself aggrieved by such order, Park Building Corporation attempted to appeal from such order, but on April 23, 1964, this court dismissed such appeal as having been taken from a nonappealable order.

Thereupon, Park Building Corporation filed a plea in bar in the trial court and moved in such court for summary judgment, alleging that the original judgment was still in force; thus barring the plaintiff's action. This appeal is from the trial court's denial of the application for summary judgment.

Although it is labeled a motion for summary judgment, the present motion is, in our opinion, an obvious attempt to obtain a second ruling on the precise same point which was the subject of the previous abortive appeal. This is not a valid motion for summary judgment; it is instead an attempt to get a second kick at the cat. We regard both the motion and the appeal as frivolous and would dismiss with double costs, pursuant to sec. 251.23 (3), Stats. See *Estate of Bair* (1956), 272 Wis. 14, 16, 74 N. W. (2d) 639; *Grossman v. Kuehn* (1942), 241 Wis. 55, 56, 4 N. W. (2d) 124; *Kellogg-Citizens Nat. Bank v. Francois* (1942), 240 Wis. 432, 3 N. W. (2d) 686.