BERGEN and wife, Appellants, v. SCHRODI and others, Respondents.

*No. 136. Argued September 2, 1969.—Decided September 30, 1969.*
(Also reported in 170 N. W. 2d 698.)

For the appellants there was a brief and oral argument by *Ted B. Johnson* of Milwaukee.

For the respondents there was a brief and oral argument by *David B. Halling* of Milwaukee.

BEILFUSS, J.   The defendants-respondents contend an order vacating or opening a default judgment is not a

final order and, therefore, not appealable under sec. 274.33 (2), Stats.

We agree with the respondents that the order is not final and is nonappealable and that the appeal must be dismissed.[1]

In *Buckley v. Park Building Corp.* (1965), 27 Wis. 2d 425, 430, 134 N. W. 2d 666, it is stated:

"An order opening or vacating a judgment and permitting further proceedings is not a final order and, accordingly, not appealable under sec. 274.33 (2), Stats., even though it affects a substantial right and is made, obviously, in an action after judgment."[2]

The fact that the order is not appealable does not mean that the plaintiffs-appellants could never have it reviewed in this court. If the plaintiffs appeal from the ultimate judgment the order can be reviewed as an intermediate order which involves the merits and affects the judgment.[3]

The appellants contend that the trial court did not have jurisdiction of the subject matter by virtue of the insufficiency of the moving papers in support of the motion, and that when the trial court granted the motion to vacate the judgment it decided a question of jurisdiction which is appealable. The trial court was not required to decide a question of subject matter jurisdiction. Sec. 269.46 (1), Stats., reserves to the court subject matter jurisdiction for a period of one year from the date of the entry of judgment and the right to vacate or

---

[1] We acknowledge the respondents' motion to dismiss, made prior to argument upon the ground the appeal was taken from a nonappealable order, was improvidently denied.

[2] *Kelm v. Kelm* (1931), 204 Wis. 301, 235 N. W. 787; *Hargraves v. Hoffman* (1931), 205 Wis. 84, 236 N. W. 556; *State v. Eigel* (1933), 210 Wis. 275, 277, 246 N. W. 417; *McKey v. Egeland* (1936), 222 Wis. 490, 269 N. W. 245; *Old Port Brewing Corp. v. C. W. Fischer Furniture Co.* (1938), 228 Wis. 62, 66, 279 N. W. 613.

[3] *Buckley v. Park Building Corp., supra;* sec. 274.34, Stats.

open a judgment it has rendered upon a proper showing of mistake, inadvertence, surprise or excusable neglect, together with a proper proposed answer. If the trial court within the year grants a motion to vacate or open a judgment upon statutorily insufficient or inadequate moving papers it has committed an error of law (that can be corrected upon an appeal from a judgment finally rendered), but it has not acted beyond its jurisdiction.[4]

*By the Court.*—Appeal dismissed.

---

[4] *Harris v. Golliner* (1940), 235 Wis. 572, 294 N. W. 9; *Vande Voort v. Stern* (1962), 16 Wis. 2d 85, 114 N. W. 2d 126; *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. 2d 282, 120 N. W. 2d 151; *Stroup v. Career Academy of Dental Technology* (1968), 38 Wis. 2d 284, 156 N. W. 2d 358, cited by the appellants, are distinguishable upon their facts and have no application here.